# IN THE SUPREME COURT OF THE STATE OF IDAHO
## Docket No. 44178

STATE OF IDAHO,

    Plaintiff-Respondent,

v.

THOMAS CAMPBELL KELLEY,

    Defendant-Appellant.

)
)
)
)
)
)
)
)
)
)
)

Boise, December 2016 Term

2017 Opinion No. 21

Filed: February 27, 2017

Stephen W. Kenyon, Clerk

---

Appeal from the District Court of the Fourth Judicial District, State of Idaho, Ada County. Hon. Timothy L. Hansen, District Judge.

District court award of restitution, <u>affirmed.</u>

Bublitz Law PC, Caldwell, for appellant. Jessica B. Bublitz argued.

Hon. Lawrence G. Wasden, Idaho Attorney General, Boise, for respondent. Kenneth K. Jorgensen argued.

---

BURDICK, Chief Justice

Thomas Kelley appeals the Ada County district court's award of restitution entered under Idaho Code section 37-2732(k). The Idaho Court of Appeals vacated the restitution award on evidentiary grounds. We granted the State's timely petition for review, and we now affirm the district court's award of restitution.

## I. FACTUAL AND PROCEDURAL BACKGROUND

In June 2013, the State charged Kelley with trafficking marijuana. He initially pleaded not guilty and moved to suppress evidence seized in a traffic stop. The district court denied the motion to suppress. Kelley entered a conditional plea of guilty and reserved his right to appeal the denial of the motion to suppress. The Court of Appeals affirmed the denial of the motion to suppress. *State v. Kelley*, 159 Idaho 417, 361 P.3d 1280 (Ct. App. 2015).

In November 2014, the district court sentenced Kelley to eight years imprisonment, with a minimum one-year confinement followed by five years indeterminate. On February 6, 2015, the district court held a restitution hearing, where the State sought to recoup its prosecution costs

1

under Idaho Code section 37-2732(k). To that end, the State submitted a written, but unsworn, statement as evidence of its prosecution costs. At the hearing, the district court granted Kelley's request for further time to review the State's evidence, and additional arguments were held on February 20, 2015 and March 5, 2015. The State initially requested $3,584.50 in restitution, which reflects 25.5 hours of work billed at $140 per hour, and 0.1 hours billed at $145 per hour. However, at the March 5, 2015 hearing, the State provided a "more precise accounting" and requested $7,328.50, which reflects 42.3 hours of work billed at $140 per hour, and 9.7 hours of work billed at $145 per hour. Kelley objected that the State's award would (1) violate due process; (2) punish him for exercising his Sixth Amendment rights to stand trial and present a defense; (3) violate equal protection; and (4) be unreasonable and excessive.

Although the district court rejected Kelley's constitutional arguments, it found the State's request excessive. The district court reasoned that the State's (1) increased request reflecting additional hours was not supported by evidence; and (2) requested hourly rate ($140/$145) was excessive. Ultimately, the district court concluded the State was entitled to $2,640, which reflects 35.2 hours of work billed at $75 per hour.

Kelley appealed, and the Court of Appeals vacated the award and remanded. On appeal, Kelley raised constitutional arguments and contended the district court abused its discretion by failing to consider his financial circumstances. The Court of Appeals, however, did not address those arguments. Instead, it held that insufficient evidence supported the award because it was based only on the State's unsworn representations. We granted the State's timely petition for review.

## II.    ISSUES ON APPEAL

1.    Is Idaho Code section 37-2732(k) constitutional under the Sixth and Fourteenth Amendments to the U.S. Constitution?

2.    Did the district court abuse its discretion by failing to consider Kelley's financial ability to repay the restitution award?

## III.    STANDARD OF REVIEW

When addressing a petition for review, this Court will give "serious consideration to the views of the Court of Appeals, but directly reviews the decision of the lower court." *State v. Schall*, 157 Idaho 488, 491, 337 P.3d 647, 650 (2014).

2

## IV. DISCUSSION

This appeal brings to light Idaho Code section 37-2732(k). That statute permits the State to recoup its prosecution costs as restitution, providing as follows:

> Upon conviction of a felony or misdemeanor violation under this chapter or upon conviction of a felony pursuant to the "racketeering act," section 18-7804, Idaho Code, or the money laundering and illegal investment provisions of section 18-8201, Idaho Code, the court may order restitution for costs incurred by law enforcement agencies in investigating the violation. Law enforcement agencies shall include, but not be limited to, the Idaho state police, county and city law enforcement agencies, the office of the attorney general and county and city prosecuting attorney offices. Costs shall include, but not be limited to, those incurred for the purchase of evidence, travel and per diem for law enforcement officers and witnesses throughout the course of the investigation, hearings and trials, and any other investigative or prosecution expenses actually incurred, including regular salaries of employees. In the case of reimbursement to the Idaho state police, those moneys shall be paid to the Idaho state police for deposit into the drug and driving while under the influence enforcement donation fund created in section 57-816, Idaho Code. In the case of reimbursement to the office of the attorney general, those moneys shall be paid to the general fund. A conviction for the purposes of this section means that the person has pled guilty or has been found guilty, notwithstanding the form of the judgment(s) or withheld judgment(s).

I.C. § 37-2732(k). The two main issues we address are whether: (A) section 37-2732(k) is constitutional under the Sixth and Fourteenth Amendments to the U.S. Constitution; and (B) the district court abused its discretion by failing to consider Kelley's financial ability to repay the restitution award.[1]

### A. Idaho Code section 37-2732(k) is constitutional under the Sixth and Fourteenth Amendments to the U.S. Constitution.

Constitutional questions are reviewed *de novo*. *State v. Draper*, 151 Idaho 576, 598, 261 P.3d 853, 875 (2011). When a party challenges a statute on constitutional grounds, it "bears the burden of establishing that the statute is unconstitutional and must overcome a strong presumption of validity. Appellate courts are obligated to seek an interpretation of a statute that upholds its constitutionality." *State v. Manzanares*, 152 Idaho 410, 418, 272 P.3d 382, 390 (2012) (quoting *State v. Korsen*, 138 Idaho 706, 711, 69 P.3d 126, 131 (2003)).

---

[1] While the Court of Appeals' decision rests on evidentiary grounds, Kelley did not raise that issue in briefing. Nor did he preserve it at the district court level. Therefore, we do not address it. *E.g.*, *State v. Fisher*, 123 Idaho 481, 485, 849 P.2d 942, 946 (1993) ("We will not review a trial court's alleged error on appeal unless the record discloses an adverse ruling which forms the basis for the assignment of error.").

Kelley's constitutional challenges arise exclusively under the U.S. Constitution, implicating the Sixth and Fourteenth Amendments.[2] We address those challenges below.

1. Section 37-2732(k) does not violate Sixth Amendment rights to stand trial and present a defense.

First, Kelley argues section 37-2732(k) impermissibly chills Sixth Amendment rights to stand trial and present a defense by punishing defendants who exercise these rights. Kelly relies on *United States v. Jackson*, 390 U.S. 570, 584–86 (1968), where the U.S. Supreme Court invalidated a statute authorizing the death penalty only if the defendant stood trial and the "verdict of the jury shall so recommend." Thus, standing trial triggered the possibility of being sentenced to death. *Id.* The statute sought to limit "the death penalty to cases in which a jury recommends it . . . ." *Id.* at 582. The Government contended "because the [statute] thus operates 'to mitigate the severity of punishment,' it is irrelevant that it 'may have the incidental effect of inducing defendants not to contest in full measure.' " *Id.* The Court rejected that argument. *Id.* Instead, even though the statute's purpose was "entirely legitimate," the Court held that the statute "needlessly penalize[d] the assertion of a constitutional right." *Id.* at 583. Because other means could have been used to achieve the statute's purpose,[3] the Court held that the statute's chilling effect was "unnecessary and therefore excessive." *Id.* at 582.

Kelley attempts to analogize section 37-2732(k) to the statute in *Jackson*, explaining that "[k]nowing he will be required to pay for each stage of the process will necessarily result in a chilling effect upon the assertion of his rights." We disagree. As a preliminary matter, Kelley overlooks that the U.S. Supreme Court has refused to adopt a broad reading of *Jackson*. As the Court clarified in *Chaffin v. Stynchcombe*, 412 U.S. 17, 30 (1973), "*Jackson* did not hold, as subsequent decisions have made clear, that the Constitution forbids every government-imposed choice in the criminal process that has the effect of discouraging the exercise of constitutional rights." *Chaffin* concerned a defendant who received a harsher sentence on retrial than at the first trial. *Id.* at 18–19. The defendant argued the harsher sentence impermissibly chilled his right to

---

[2] In passing, Kelley contends section 37-2732(k) violates due process. However, since Kelley fails to offer any cogent argument or authority on this issue, we decline to address it. *E.g.*, *Bach v. Bagley*, 148 Idaho 784, 790, 229 P.3d 1146, 1152 (2010) ("[I]f the issue is only mentioned in passing and not supported by any cogent argument or authority, it cannot be considered by this Court.").

[3] As a legitimate example of limiting the death penalty to the jury's domain, the Court noted that, in some states, "the choice between life imprisonment and capital punishment is left to a jury in every case—regardless of how the defendant's guilt has been determined." *Jackson*, 390 U.S. at 583. Unlike the statute at issue in *Jackson*, that example was not triggered by standing trial. *See id.*

challenge his conviction by direct appeal or collateral attack. *Id.* at 23. The Court disagreed, instead holding that the possibility of a harsher sentence on retrial was legitimate and too speculative to impermissibly chill any constitutional rights. *Id.* at 34–35.

Further, *Jackson* itself does not suggest section 37-2732(k) is unconstitutional. As the State explains, unlike *Jackson*, section 37-2732(k) is "not premised upon whether the defendant exercises his right to a jury trial. That costs may be more, and therefore the restitution award greater, if the defendant proceeds to trial does not mean the statute impermissibly chills the exercise of the right to a jury trial." The State finds support from other jurisdictions. *Ohree v. Commonwealth*, 494 S.E.2d 484, 488 (Va. Ct. App. 1998) ("[T]he imposition of the cost of providing a jury does not impose an excessive or unnecessary burden upon the exercise of the right of a jury trial under the United States Constitution."); *Commonwealth v. Hower*, 406 A.2d 754, 757 (Pa. Super. Ct. 1979) ("We acknowledge that the possibility that a convicted defendant may be required to pay the costs of prosecution may impose some burden on . . . whether to go to trial . . . . Nevertheless, not every burden imposed by the state on a defendant's right to trial is constitutionally prohibited.").

Federal law lends further support to the State's position. The State cites us to *United States v. Chavez*, 627 F.2d 953, 955–57 (9th Cir. 1980), where the Ninth Circuit addressed the constitutionality of 26 U.S.C. § 7203, which provides that any person guilty of the relevant tax crime "shall be fined . . . the costs of prosecution." The *Chavez* defendant argued section 7203 impermissibly chilled several constitutional rights, including his right to stand trial. *Id.* at 955. The Ninth Circuit in *Chavez* rejected that argument, instead holding that the statute furthered legitimate government ends of recovering prosecution costs and did not "needlessly encourage[] the waiver of constitutional rights." *Id.* at 957; *accord United States v. Palmer*, 809 F.2d 1504, 1507–08 (11th Cir. 1987) (holding that section 7203 achieved "legitimate governmental ends" of recovering prosecution costs without "needlessly chilling the exercise of constitutional rights").

Two more federal statutes like section 37-2732(k) include: (1) 28 U.S.C. § 1918(b), which provides that "[w]henever any conviction for any offense not capital is obtained in a district court, the court may order that the defendant pay the costs of prosecution"; and (2) 21 U.S.C. § 844(a), which provides that "upon conviction, a person who violates this subsection shall be fined the reasonable costs of the investigation and prosecution of the offense . . . ." Both statutes have been declared constitutional. *E.g.*, *United States v. Glover*, 588 F.2d 876, 879 (2d

Cir. 1978) (holding that section 1918(b) does "not impinge upon the right to stand trial but simply 'depriv[es] a financially able defendant of available funds which, in fairness, should be remitted to the public coffers' " (citation omitted)); *United States v. Escobar*, Crim. No. 87-0074-M, 1987 WL 31141, *6 (S.D. Cal. Sept. 30, 1987) (holding that section 844(a) did not impermissibly chill the defendant's right to stand trial because section 844(a) permits the government to recoup "the costs of investigating and prosecuting," which is a "clear and legitimate government interest").

Because the weight of authority does not support Kelley's argument, we affirm that section 37-2732(k) does not impermissibly chill Sixth Amendment rights to stand trial and present a defense.

2. Section 37-2732(k) does not violate the Fourteenth Amendment's right to equal protection.

Second, Kelley argues section 37-2732(k) violates the Fourteenth Amendment's right to equal protection by impermissibly burdening defendants with debts they cannot repay. Equal protection inquiries require a "three-step analysis: the reviewing court must first, identify the classification that is being challenged; second, determine the standard under which the classification will be judicially reviewed; and third, decide whether the appropriate standard has been satisfied." *In re Bermudes*, 141 Idaho 157, 160, 106 P.3d 1123, 1126 (2005).

We note first that Kelley does not clearly identify what particular classification is at issue. For that reason, the district court rejected Kelley's equal protection argument and noted that Kelley "has not identified a discriminatory classification at issue." *Cf. McLean v. Maverik Country Stores, Inc.*, 142 Idaho 810, 813, 135 P.3d 756, 759 (2006) ("The first step in an equal protection analysis is to identify the classification at issue."). Even so, because Kelley argues "burden[ing] an individual with a debt he cannot repay" violates equal protection, the State appears to assume indigence is the classification at issue. Kelley relies primarily on two U.S. Supreme Court cases to make the argument. The first is *James v. Strange*, 407 U.S. 128, 136–42 (1972), where the Court found equal protection violations by statutorily stripping defendants of debtor exemptions merely because the defendants owed public defender reimbursements. The second is *Rinaldi v. Yeager*, 384 U.S. 305, 306–10 (1966), where the Court found equal protection violations by statutorily requiring indigent defendants to pay for the costs of providing transcripts on appeal only if they were confined in state institutions. As *Rinaldi* explained:

> To fasten a financial burden only upon those unsuccessful appellants who are confined in state institutions, however, is to make an invidious discrimination. Those appellants who have been sentenced only to pay fines have been accorded the same benefit by the county—a transcript used in an unsuccessful appeal, and all that distinguishes them from their institutionalized counterparts is the nature of the penalty attached to the offense committed.

*Id.* at 310.

Kelley's equal protection argument is unavailing. Unlike *James* and *Rinaldi*, section 37-2732(k) does not distinguish among defendants on any ground. Section 37-2732(k), by its plain terms, treats equally all defendants who are convicted. We hold that section 37-2732(k) does not violate Kelley's right to equal protection of the law.

**B.      The district court did not abuse its discretion by failing to consider Kelley's financial ability to repay the restitution award.**

By its plain terms, restitution under section 37-2732(k) is discretionary, as it states that "the court may order restitution[.]" To determine whether the district court abused its discretion, we evaluate whether the district court: (1) correctly perceived the issue as one of discretion; (2) acted within the outer boundaries of its discretion and consistently with relevant legal standards; and (3) reached its decision by an exercise of reason. *Swallow v. Emergency Med. of Idaho, P.A.*, 138 Idaho 589, 592, 67 P.3d 68, 71 (2003).

Kelley asserts that the district court abused its discretion by failing to consider his financial ability to repay the restitution award. As Kelley elaborates, the district court "did not engage in any discussion as to how [Kelley's] economic position affected the amount [the district court] ordered, if at all." Kelley maintains that he argued "his regular occupation was that of a bar tender, [sic] with no prospects for future employment, and that he would be incarcerated due to this offense for a minimum of one year following the sentencing," but the district court never addressed these concerns.

We are not persuaded. This Court has previously recognized that the general restitution statute, Idaho Code section 19-5304, can be instructive when awarding restitution under section 37-2732(k). *See State v. Gomez*, 153 Idaho 253, 258, 281 P.3d 90, 95 (2012). Specifically, section 19-5304(7) provides several factors for consideration, which may be relevant when awarding restitution under section 37-2732(k), depending on the particular case. *See State v. Harer*, 160 Idaho 98, 369 P.3d 316, 319 (Ct. App. 2016). Section 19-5304(7) provides:

> The court, in determining whether to order restitution and the amount of such restitution, shall consider [1] the amount of economic loss sustained by the

victim as a result of the offense, [2] the financial resources, needs and earning ability of the defendant, and [3] such other factors as the court deems appropriate. The immediate inability to pay restitution by a defendant shall not be, in and of itself, a reason to not order restitution.

Here, the district court recognized that, based on Kelley's financial circumstances arguments, section 19-5304(7) was relevant. Indeed, in its written order, the district court quoted section 19-5304(7) in full and even underlined its instruction that the "<u>immediate inability to pay restitution by a defendant shall not be, in and of itself, a reason to not order restitution.</u>" The district court then, quoting *State v. Taie*, 138 Idaho 878, 880, 71 P.3d 477, 479 (Ct. App. 2003), explained that "[i]nability to pay 'does not preclude, or impose a limit upon, a restitution award;' rather, a defendant's ability to pay is 'only one of several factors for the court's consideration when it makes a discretionary determination on a claim for restitution.' " As the district court summarized, "[h]aving considered the factors set forth in I.C. § 19-5304(7), the Court, in its discretion, concludes that a restitution award is appropriate in this matter." The district court then reasoned that the State's request for $7,328.50 was excessive and awarded only $2,640. This analysis demonstrates that the district court acted within the boundaries of its discretion and consistent with relevant legal standards. *E.g.*, *Taie*, 138 Idaho at 880, 71 P.3d at 479; *State v. Bybee*, 115 Idaho 541, 543, 768 P.2d 804, 806 (Ct. App. 1989) (noting that the "court may order restitution in contemplation of a future ability to pay").

Consequently, we conclude the district court did not abuse its discretion by awarding restitution despite Kelley's financial circumstances.

## V.    CONCLUSION

We affirm the district court's award of restitution under Idaho Code section 37-2732(k).

Justices, EISMANN, W. JONES, HORTON and J. JONES, PRO TEM, **CONCUR.**

8