# IN THE SUPREME COURT OF THE STATE OF IDAHO
## Docket No. 45295

| | | |
|---|---|---|
| STATE OF IDAHO, | ) | |
|     Plaintiff-Respondent-Cross Appellant, | ) | |
| | ) | **Boise, November 2018 Term** |
| v. | ) | |
| | ) | |
| RYAN KELLY MATTHEWS, | ) | **Opinion Filed: January 30, 2019** |
| | ) | |
|     Defendant-Appellant-Cross-Respondent. | ) | **Karel A. Lehrman, Clerk** |
| | ) | |

Appeal from the District Court of the Fourth Judicial District, State of Idaho, Ada County. Hon. Melissa Moody, District Judge.

District court judgment and conviction, <u>affirmed</u>.

Eric D. Fredericksen, State Appellate Public Defender, Boise for appellant. Andrea W. Reynolds, Deputy Appellate Public Defender, argued.

Hon. Lawrence G. Wasden, Idaho Attorney General, Boise, for respondent. Jeff Nye, Deputy Attorney General, argued.

_____

BURDICK, Chief Justice.

Ryan Kelly Matthews ("Matthews") appeals his judgment of conviction and sentence entered in Ada County district court. The State cross-appeals the district court's decision not to award prosecution costs as part of the agreed-to restitution.

After Matthews was arrested for absconding from parole, methamphetamine was found on his person during the booking process at the Ada County Jail and Matthews was charged with possession of a controlled substance. After having his motion to suppress denied, Matthews agreed to a plea deal and the district court sentenced him to seven years with three years fixed. The district court declined to order the full amount of restitution for prosecution costs under Idaho Code section 37-2732(k). The district court stated it agreed with Matthews's concern that he felt like he was having "to pay for exercising [his] constitutional right."

Matthews timely appealed contending that the district court abused its discretion by ignoring mitigating factors at sentencing. The State timely filed a cross-appeal based on the

1

district court's denial of the State's request for prosecution costs. Specifically, the State argues that the district court abused its discretion by refusing to order Matthews to pay the costs of prosecution on the sole basis that it would infringe on his constitutional rights because such a statement is inconsistent with this Court's precedent. We affirm.

## I. FACTUAL AND PROCEDURAL BACKGROUND

On May 6, 2016, Matthews was arrested on an agent's warrant after he failed to check in with his parole officer for a period of weeks. The parole officer believed that Matthews had absconded from supervision and was living in an unapproved location. A woman with whom Matthews was staying at the time alerted parole and probation officers to Matthews's whereabouts after she grew "concerned for her safety and the safety of her children" because Matthews was "bringing in some unsavory characters to her house" and she "suspected that he was also using narcotics." With her permission, the parole officers entered the woman's home, found Matthews asleep, and arrested him. During Matthews's booking process at the Ada County Jail, two plastic baggies containing methamphetamine were found in his pocket. Matthews was subsequently charged with possession of a controlled substance. He then filed a motion to suppress the evidence taken from his pocket which, after a hearing on the matter, the district court denied. Matthews then accepted a plea deal in which he pleaded guilty to possession of a controlled substance. Matthews's counsel informed the district court of the agreement at the change-of-plea hearing, stating:

> Your Honor, this is going to be quite straightforward, as far as a plea goes. This is simply to possessing a controlled substance. It's going to be open recommendations. There will be no Information Part II.
>
> The State has made it very clear that they are going to be asking for the cost of prosecution in this case. It's somewhere in the three to $500 range. And that—Mr. Matthews would agree to that.
>
> Beyond that, Your Honor, that's the extent to the agreement in this case.

The court accepted Matthews's guilty plea.

At sentencing, the State requested that Matthews be ordered to pay $200.00 in restitution for laboratory tests and $524.12 for prosecution costs in the case. Matthews's counsel stated he did not object to the laboratory-costs restitution, but made no mention of the prosecution costs. After hearing arguments and hearing directly from Matthews, the district court sentenced Matthews to seven years with three years fixed and the remaining four years indeterminate. The

district court also ordered Matthews to pay $285.50 in court costs and $200.00 in restitution for laboratory tests pursuant to Idaho Code section 37-2732(k). The district court, however, declined to order restitution for prosecution costs. Speaking directly to Matthews, the district court provided a rationale for denying restitution:

> So one thing that you said in the presentence report that I agree with—and I wrote this down. This is a quote from you. You said, "My only concern with my plea bargain is that I have to pay three to $500 for having a hearing to suppress evidence. I would rather have to pay court costs than have to pay for exercising my constitutional right."
> And that jumped out at me because I agree with you on that. I am not going to impose the restitution that you agreed to, frankly, for prosecution costs in the amount of $524.12.

Matthews timely appealed his sentence arguing that the district court abused its discretion by failing to consider mitigating factors. The State cross-appealed arguing that the trial court abused its discretion in deciding not to award prosecution costs under Idaho Code section 37-2732(k) because the trial court's rationale for doing so was inconsistent with relevant legal standards. Matthews also filed a motion pursuant to Idaho Criminal Rule 35 for a reduction of sentence on August 28, 2017, which the district court denied. Matthews does not challenge the denial of that motion on appeal.

## II. ISSUES ON APPEAL

1. Did the district court abuse its discretion by sentencing Matthews to seven years, with three years fixed for felony possession of a Schedule II controlled substance?

2. Did the district court abuse its discretion by acting inconsistent with relevant legal standards when it declined to award the total amount of the agreed-to restitution for prosecution costs under Idaho Code section 37-2732(k)?

## III. STANDARD OF REVIEW

This Court uses an abuse-of-discretion standard of review to determine whether a sentence is excessive, *State v. McIntosh*, 160 Idaho 1, 8, 368 P.3d 621, 628 (2016), as well as to evaluate a district court's decision regarding restitution under section 37-2732(k) of the Idaho Code. *State v. Kelley*, 161 Idaho 686, 691, 390 P.3d 412, 417 (2017). Under this standard, this Court considers whether the trial court: "(1) correctly perceived the issue as one of discretion; (2) acted within the boundaries of its discretion; (3) acted consistently with the legal standards applicable to the specific choices available to it; and (4) reached its decision by an exercise of reason." *Lunneborg v. My Fun Life*, 163 Idaho 856, 863, 421 P.3d 187, 194 (2018).

3

# IV. ANALYSIS

**A. The district court did not abuse its discretion in sentencing Matthews to a unified seven-year sentence with three years fixed because that sentence was reasonable in light of the record before the court.**

Matthews argues that "given any view of the facts, his unified sentence of seven years, with three years fixed, is excessive." Matthews argues that his sentence "was not reasonable considering the nature of his offense . . . his character, and . . . was not necessary to protect the public interest." Matthews points to multiple character-reference letters from family and friends which, according to Matthews, illustrate that he is "a good person struggling with a serious addiction, not a hardened criminal." Matthews also argues that he "was not violent and posed no risk to the public in this case."

Generally, when appealing a sentence as an abuse of discretion, the appellant "must establish that, under any reasonable view of the facts, the sentence was excessive considering the objectives of criminal punishment." *State v. Varie*, 135 Idaho 848, 856, 26 P.3d 31, 39 (2001) (citing *State v. Wolfe*, 99 Idaho 382, 384, 582 P.2d 728, 730 (1978)). "Those objectives are (1) protection of society; (2) deterrence of the individual and the public generally; (3) the possibility of rehabilitation; and (4) punishment or retribution for wrong-doing." *Id.* (quotation marks omitted).

"When reviewing whether a sentence is excessive, [this Court] review[s] all the facts and circumstances in the case and focus[es] on whether the trial court abused its discretion in fixing the sentence." *State v. Baker*, 136 Idaho 576, 577, 38 P.3d 614, 615 (2001) (citing *State v. Zaitseva*, 135 Idaho 11, 13 P.3d 338 (2000)). Where, as here, the district court imposes a sentence within the statutory limits, "the appellant bears the burden of demonstrating that it is a clear abuse of discretion." *State v. Miller*, 151 Idaho 828, 834, 264 P.3d 935, 941 (2011) (quoting *State v. Windom*, 150 Idaho 873, 875, 253 P.3d 310, 312 (2011)). "In deference to the trial judge, this Court will not substitute its view of a reasonable sentence where reasonable minds might differ." *State v. Stevens,* 146 Idaho 139, 148–49, 191 P.3d 217, 226–27 (2008).

The sentence in this matter may seem harsh based upon the fact this arrest was for a relatively small amount of methamphetamine. However, that is not the final determining factor.

Matthews began his interactions with drug usage and law-enforcement intervention while he was sixteen years old in 1997. Two years later, before turning eighteen, he had another juvenile citation for possession of marijuana. He had his first felony arrest and conviction for

aggravated assault in 2000. Another conviction followed for a federal arrest for passing counterfeit Federal Reserve notes in 2002. His third felony conviction was for aggravated assault in 2009. Throughout his supervision, he has violated probation or parole terms. Such a record of long-term substance abuse and violence would support this sentence. However, the sentencing judge also considered Matthews's consistent denial of responsibility for his conduct both during the sentencing hearing and in the presentence report. Taking the record before us as a whole, Matthews's sentence is well within the sentencing judge's discretion.

## B. The district court did not abuse its discretion by declining to award full restitution despite making a statement that could be construed as contrary to this Court's precedent.

On cross appeal, the State argues that the district court abused its discretion by declining to order the full amount of restitution asked for by the State under Idaho Code section 37-2732(k) ("section 37-2732(k)"). Prior to declining those costs, the district court stated that it agreed with one of Matthews's statements where he said that he "would rather have to pay court costs than have to pay for exercising [his] constitutional right." Presuming that Matthews was referring to his Sixth Amendment right to present a defense, the State argues that the district court's agreement with his statement is the only basis for the court's decision to decline restitution for prosecutorial costs. Since that basis conflicts with this Court's decision in *State v. Kelley*, 161 Idaho 686, 390 P.3d 412 (2017), the State contends that the district court failed to act consistently with relevant legal standards and thereby failed the third prong of the abuse-of-discretion analysis. This argument is unpersuasive.

Under section 37-2732(k), a district court "may order restitution for costs incurred by law enforcement agencies in investigating the violation [of the Uniform Controlled Substances Act]." The "award of restitution under section 37-2732(k) is not mandatory"; it is within the sentencing judge's discretion. *State v. Cunningham*, 161 Idaho 698, 702, 390 P.3d 424, 428 (2017); *see also Kelley*, 161 Idaho at 691, 390 P.3d at 417. Various factors may inform a district court's decision whether to award section 37-2732(k) restitution:

> When deciding whether restitution is proper, factors to consider include other fines imposed, victim restitution, assets, and previous and prospective earning abilities. Additionally, where relevant, the factors set forth under the general restitution statute, Idaho Code section 19-5304(7), may be considered.

*Cunningham*, 161 Idaho at 702, 390 P.3d at 428. The factors set out in the general restitution statute are,

the amount of economic loss sustained by the victim as a result of the offense, the financial resources, needs and earning ability of the defendant, and such other factors as the court deems appropriate. The immediate inability to pay restitution by a defendant shall not be, in and of itself, a reason to not order restitution.

I.C. § 19-5304(7).

As opposed to when it declines to award full restitution under the general restitution statute, a district court declining to award full restitution under section 37-2732(k) is not statutorily required to enter an order explaining its reasons for doing so. *Compare* I.C. § 19-5304(3) ("If the court determines that restitution is inappropriate or undesirable or if only partial or nominal restitution is ordered, it shall enter an order articulating the reasons therefor on the record."), *with* I.C. § 37-2732(k).

In *Kelley*, this Court held that section 37-2732(k) does not impermissibly chill a defendant's rights under the Sixth and Fourteenth Amendments to the United States Constitution.[1] 161 Idaho at 691, 390 P.3d at 417. After initially pleading not guilty to a charge of trafficking marijuana, the defendant entered a conditional guilty plea after having his motion to suppress denied. *Id.* at 688, 390 P.3d at 414. The State originally sought restitution for over $7,000 in prosecution costs, but the trial court declared the request excessive and awarded restitution in the amount of $2,640. *Id*. After the defendant appealed, the Court of Appeals vacated the award and remanded on the basis of insufficient evidence for the restitution award. *Id.* This Court granted the State's subsequent petition for review. *Id.*

Unlike the trial court or Court of Appeals, this Court reached the defendant's constitutional arguments. *Id.* at 689, 390 P.3d at 415. The defendant argued that section 37-2732(k) "impermissibly chills Sixth Amendment rights to stand trial and present a defense by punishing defendants who exercise these rights" and "violates the Fourteenth Amendment's right to equal protection by impermissibly burdening defendant with debts they cannot repay." *Id.* at 689, 691, 390 P.3d at 415, 417. The defendant elaborated by stating that "knowing he will be required to pay for each stage of the process will necessarily result in a chilling effect upon the assertion of his rights." *Id.* at 690, 390 P.3d at 416. This Court disagreed. For the Sixth Amendment claim, this Court held that U.S. Supreme Court precedent and its subsequent interpretation did not support the defendant's arguments. *Id.* at 690–91, 390 P.3d at 416–17. For the defendant's Fourteenth Amendment claim, this Court held that section 37-2732(k) does not

---

[1] The defendant in *Kelley* did not argue his claims under the Idaho Constitution.

violate the right to equal protection of the law because it "does not distinguish among defendants on any ground." *Id.* at 691, 390 P.3d at 417.

Given the holding in *Kelley* and the State's assumption that Matthew's statement refers to the Sixth Amendment right to stand trial and present a defense, the State argues that the district court abused its discretion by adopting Matthews's reasoning. However, the State's argument relies on too many inferences. The State's argument is unpersuasive because: (1) the district court awarded partial restitution for laboratory fees under section 37-2732(k); and (2) there is evidence in the record suggesting that the district court's comments were not the "sole rationale" for declining to award full section 37-2732(k) restitution.

The State's argument disregards the district court's award of $200 in section 37-2732(k) restitution for laboratory costs. The State asks this Court to accept a view of events where the district court refused to award section 37-2732(k) restitution because it believed that section 37-2732(k) was unconstitutional, yet still awarded restitution under the statute. We take a different view. By awarding laboratory costs under section 37-2732(k), the district court demonstrated an intent to give effect to section 37-2732(k), but declined to award the full restitution. Therefore, contrary to the State's argument, the district court's statement can be viewed apart from its decision to decline section 37-2732(k) restitution.

The rationale expressed in the district court's statement can be severed from its decision to award partial restitution because there is no indication in the record that the comment was the district court's only rationale. The State argues that because the comment was the lone rationale voiced at the hearing, it must be taken as the only possible rationale. But this view isolates the district court's comment and strips the comment of the context in which it was made. We decline to adopt such a restrictive view. Here, the district court was not statutorily required to articulate its reasoning for declining to award total or partial restitution for prosecution costs. Therefore, the articulation of one reason does not erase all others.

In reviewing the district court's decision, context suggests that the district court considered at least one proper factor in denying full restitution. Restitution was awarded in the broader context of a sentencing hearing where the district court imposed a sentence of three years fixed with four years indeterminate on Matthews. Based on this fact, it stands to reason that the district court considered Matthews's future earning capabilities since, by virtue of imposing the sentence, the district court knew those capabilities would be limited. This factor falls within

7

the relevant legal standards. *See Cunningham*, 161 Idaho at 702, 390 P.3d at 428; I.C. § 19-5304(7). Therefore, the State's argument that the district court's comments were the only possible rationale for the district court's decision disregards a different reasonable possibility.

To the extent that the district court's comments can be construed to opine that Matthews's Sixth and Fourteenth Amendment rights under the U.S. Constitution would be impermissibly chilled by ordering restitution under section 37-2732(k), the State is correct that such comments are contrary to this Court's decision in *Kelley* and would represent a rationale inconsistent with the relevant legal standards. But since the statements do not represent the sole basis for the district court's decision, and because the district court demonstrated an intent to give effect to section 37-2732(k), we hold that the district court did not abuse its discretion by declining to award the State the full amount of restitution requested.

## V. CONCLUSION

We conclude: (1) the district court did not abuse its discretion in sentencing Matthews to a unified term of seven years, with three years fixed because such a sentence was reasonable given the record; and (2) the district court did not abuse its discretion by declining to order the full amount of restitution despite articulating a rationale inconsistent with relevant legal authority. Accordingly, Matthews's sentence and the restitution order are affirmed.

Justices BRODY, BEVAN, STEGNER and HORTON, **CONCUR.**