# IN THE SUPREME COURT OF THE STATE OF IDAHO
## Docket No. 51269

| | | |
|---|---|---|
| STATE OF IDAHO, | ) | |
| | ) | |
| Plaintiff-Respondent, | ) | Boise, August 2024 Term |
| | ) | |
| v. | ) | Opinion Filed: November 7, 2024 |
| | ) | |
| ROBERT KENNETH WILDE, | ) | Melanie Gagnepain, Clerk |
| | ) | |
| Defendant-Appellant. | ) | |

Appeal from the District Court of the Fourth Judicial District, State of Idaho, Ada County. Lynn G. Norton, District Judge.

The judgment of the district court is <u>affirmed</u>.

Erik R. Lehtinen, State Appellate Public Defender, Boise, for Appellant Robert Kenneth Wilde. Kimberly A. Coster argued.

Raúl R. Labrador, Idaho Attorney General, Boise, for Respondent State of Idaho. Kale D. Gans argued.

———————————————

MEYER, Justice.

Robert Kenneth Wilde appeals from the district court's restitution order that required him to pay $2,806.40 to the Boise Police Department under Idaho's drug restitution statute. We affirm the district court's restitution order because the district court adequately considered Wilde's foreseeable ability to repay restitution and did not abuse its discretion in awarding restitution under Idaho Code section 37-2732(k).

## I. FACTUAL AND PROCEDURAL BACKGROUND

Wilde was initially charged with two felonies, including trafficking in heroin under Idaho Code section 37-2732B(a)(6)(B), and one count of misdemeanor possession of a controlled substance. One felony charge was dismissed at the preliminary hearing. Wilde subsequently pleaded guilty to trafficking in heroin, while the remaining misdemeanor charge was dismissed as part of Wilde's plea agreement.

Part of the written plea agreement stated that Wilde agreed to "pay drug restitution for costs of investigation pursuant to I.C. § 37-2732(k)[.]" His guilty plea advisory form indicated that he

1

had not agreed to the amount of reimbursement under Idaho Code section 37-2732(k), but that he was aware he may be required to pay the costs of prosecution and investigation under that section. Following his guilty plea, Wilde was sentenced to a mandatory minimum prison term of ten years fixed, followed by twenty years indeterminate, for a total sentence of thirty years. The judgment of conviction was entered on June 11, 2021. The judgment required Wilde to pay a mandatory fine of $15,000 along with court costs. The district court also ordered Wilde to pay $291 in restitution to the Idaho State Police. The State sought additional reimbursement for investigative costs under Idaho's drug restitution statute, Idaho Code section 37-2732(k). Wilde objected to the additional restitution and the district court scheduled a restitution hearing.

At the restitution hearing, Wilde challenged the amount of restitution requested by the State and whether it was actually incurred. He also argued against reimbursement for investigative costs based on his lengthy sentence and diminished foreseeable earning ability. Wilde pointed to his lack of current assets and employment and his decrease in earning potential based on his sentence. He contended that he would be in custody during his prime earning years and suggested it was highly likely that the Social Security benefits he would receive upon his release would be used to pay restitution. Wilde posited that if the district court ordered additional restitution on top of the $15,000 mandatory fine it had previously ordered, then he would face "an absolute roadblock" to reintegration into society. He urged the district court to exercise its discretion and to decline to award additional restitution under Idaho Code section 37-2732(k).

The State countered that the fine and ten-year fixed sentence are required by statute, and that the Boise Police Department was merely seeking reimbursement for the costs of investigation. The district court addressed Wilde's arguments, including his lack of employment, employment history, and his foreseeable ability to repay restitution in the future. It ordered Wilde to pay an additional $2,806.40 in restitution under Idaho Code section 37-2732(k). The district court issued an amended restitution order on October 28, 2021, and Wilde appealed.

On appeal, Wilde's case was assigned to the Court of Appeals. In a substitute opinion, the Court of Appeals held that Wilde waived his right to appeal the restitution order based on the plain language of his plea agreement. *State v. Wilde*, No. 49302, 2023 WL 4671298, at *3 (Ct. App. July 21, 2023) (unpublished). Even though the State did not raise the issue of appellate waiver as part of its argument on appeal, the Court of Appeals held it was "not constrained by the State's failure to assert the waiver." *Id.* at *2. It acknowledged the general preservation rule, and that this Court

2

had previously held that the State could forfeit the issue of appellate waiver by failing to argue the waiver. *Id.* However, the Court of Appeals held that this case fell within an exception to the preservation rule based on "the victim's constitutional rights" as "crime victims lack a procedural vehicle to pursue [restitution] and must rely upon the State to obtain an order for restitution." *Id.* (citing *State v. Johnson*, 167 Idaho 454, 458, 470 P.3d 1263, 1267 (Ct. App. 2020)). It also determined that Wilde's plea agreement contained an unambiguous waiver of the right to appeal restitution because one of the terms of his plea agreement included an agreement to pay restitution "in the amount of $TBD." *Id.* at *1. The Court of Appeals explained that "[t]he restitution clause in Wilde's plea agreement does not refer to a statute or otherwise require restitution to be awarded in compliance with a restitution statute." *Id*. at *2. Thus, it determined that it could "disregard the State's oversight in failing to assert the applicability of an unambiguous waiver of restitution like the one included in Wilde's plea agreement," in part because "the waiver of the restitution issue contained in Wilde's plea agreement does not exclusively benefit the State[.]" *Id.* The Court of Appeals also addressed Wilde's arguments on the merits and concluded he "failed to show error." *Id.* at *3. It determined Wilde was merely asking the court to "reweigh the evidence considered by the district court," and held the district court did not abuse its discretion when it awarded $2,806.40 in restitution under Idaho Code section 37-2732(k). *Id.*

Wilde timely petitioned this Court for review under Idaho Appellate Rule 118(b)(1) and (b)(2). Wilde contended that the Court of Appeals erred by (1) *sua sponte* raising appellate waiver when the issue was not raised by the State; (2) erroneously interpreting the language of Wilde's plea agreement when it determined the agreement contained an appellate waiver; and (3) erroneously interpreting language in the State's boilerplate Settlement Sheet that could have implications beyond Wilde's case. We granted the petition.

In the underlying appeal, Wilde contends that the district court abused its discretion by awarding additional restitution under Idaho's drug restitution statute based on Wilde's lengthy sentence and the already imposed mandatory fine. The State counters that Wilde failed to show that the district court erred by awarding additional restitution and seeks affirmation of the district court's order.

## II. STANDARDS OF REVIEW

"In cases that come before this Court on a petition for review of a decision of the Court of Appeals, we do not review the decision of the Court of Appeals." *Padilla v. State*, 161 Idaho 624,

3

626, 389 P.3d 169, 171 (2016). "Even when we grant review in a case that was initially decided by the Court of Appeals, we do not reverse its decision when we disagree with it, because we hear the case anew[.]" *State v. Rawlings*, 159 Idaho 498, 505, 363 P.3d 339, 346 (2015) (quoting *State v. Clinton*, 155 Idaho 271, 272 n.1, 311 P.3d 283, 284 n.1 (2013)). However, this Court still gives "serious consideration to the views of the Court of Appeals[.]" *State v. Kelley*, 161 Idaho 686, 688, 390 P.3d 412, 414 (2017) (quoting *State v. Schall*, 157 Idaho 488, 491, 337 P.3d 647, 650 (2014)).

A trial court's decision to award restitution under Idaho Code section 37-2732(k) is discretionary and is reviewed by this Court for abuse of discretion. *State v. Hess*, 166 Idaho 707, 709, 462 P.3d 1171, 1173 (2020). Generally, "[a] district court's determination that a defendant has a foreseeable ability to repay the award is a factual finding that will not be disturbed on appeal if supported by substantial evidence." *State v. Foeller*, 168 Idaho 884, 888, 489 P.3d 795, 799 (2021) (quoting *State v. Garcia*, 166 Idaho 661, 681–82, 462 P.3d 1125, 1145–46 (2020)).

## III.    ANALYSIS

Generally, this Court does not review the decision of the Court of Appeals as part of a judicial review. However, in giving serious consideration to the views of the Court of Appeals, we must address the Court of Appeals' primary analysis, as we disagree with the court's decision to raise appellate waiver after the State failed to do so based on the "exceptional circumstances" exception to the preservation rule. We also disagree with the Court of Appeals' determination that the language of Wilde's plea agreement created an appellate waiver on the issue of restitution. We are compelled to address these issues here, in part, because the Court of Appeals conducted an identical analysis of both the appellate waiver and the preservation rule issues in an unpublished case, *State v. Battenfelder*, No. 49794, 2023 WL 4396856, at *1–*3 (Ct. App. July 7, 2023) (unpublished), which is not before this Court, and to provide guidance to the criminal bar and courts going forward.

### A. The State forfeited the argument that an appellate waiver applied to the plea agreement by failing to raise the issue on appeal.

It is well established that "it is the State's obligation to invoke the applicability of [an appellate] waiver." *State v. Haws*, 167 Idaho 471, 476, 472 P.3d 576, 581 (2020) (citation omitted). This is because the State "is the sole beneficiary of an appellate waiver." *Id.* Thus, "while an appeal may be subject to dismissal based on an appellate waiver, the State is the party who must invoke the application of the waiver, and the defendant must be afforded an opportunity to respond." *Id.*

4

In this instance, the Court of Appeals raised the issue of appellate waiver when it had not been argued by the State. Even though the Court of Appeals determined that it was not constrained by the State's failure to raise the issue of appellate waiver on appeal, we disagree. In our view, the State forfeited an appellate waiver argument on appeal by failing to raise the issue. When the Court of Appeals nevertheless considered the issue for the first time in a substitute decision, Wilde was deprived of the opportunity to fully brief the appellate waiver issue or address it at oral argument.[1] In our view, the Court of Appeals erred when it raised the appellate waiver issue *sua sponte*.

> 1. *The "exceptional circumstances" exception to the preservation rule does not apply in this case because law enforcement is in a different position than a traditional "crime victim," and the the drug restitution statute has a different purpose.*

We also disagree with the Court of Appeals' application of the "exceptional circumstances" exception to the preservation rule in this case. The preservation rule "fosters the full testing of issues by the adversarial process, ensures that factual records are fully developed," and "aids the Court in the correct resolution of cases through 'the refinement of . . . arguments on appeal[.]'" *Riverton Citizens Grp. v. Bingham Cnty. Comm'rs*, 171 Idaho 898, 904, 527 P.3d 501, 507 (2023) (ellipsis in original) (quoting *Carver v. Hornish*, 171 Idaho 118, 124, 518 P.3d 1175, 1181 (2022)). Although this Court has not defined the specific criteria for when the "exceptional circumstances" exception applies, we have sparingly applied the exception in cases where "injustice might otherwise result" or "when 'the proper resolution' of an appeal is 'beyond any doubt.'" *Id.* (quoting *Carver*, 171 Idaho at 124, 518 P.3d at 1181).

In this case, the State was seeking reimbursement for investigative costs incurred by the Boise Police Department. This circumstance alone does not rise to the level of "exceptional circumstances," as the Boise Police Department is different from the traditional "victim" contemplated by Idaho Code section 19-5304(1)(e). In this case, the Boise Police Department is seeking reimbursement for investigative costs, in contrast to a crime victim who is looking to be made whole after suffering a loss directly caused by the defendant—for example, the owner of a car that is damaged in a collision because of a defendant's reckless or inattentive driving.

Although the Court of Appeals has suggested in the past that Idaho's general restitution statute is broad enough to allow for law enforcement agencies to be considered crime victims, *see State v. Weaver*, 158 Idaho 167, 171 n.2, 345 P.3d 226, 230 n.2 (Ct. App. 2014), the definition

---

[1] Wilde did state in one sentence in a footnote in his Appellant's Brief that the plea agreement did not waive his right to appeal the district court's restitution order but did not develop that argument in his briefing.

5

provided in Idaho Code section 19-5304(1)(e) does not expressly include law enforcement, while Idaho Code section 37-2732(k) specifically provides for *reimbursement* of expense incurred by law enforcement and prosecutors in connection with drug-related crimes. This reflects the fact that the statutes serve different purposes as the general restitution statute is meant to compensate a crime victim for a loss resulting from the crime, and the drug restitution statute provides reimbursement for police and prosecutors for the costs of investigating and prosecuting drug crimes.

While it is true that traditional "victims" are unable to pursue restitution in a criminal case on their own, the police are in a different position in that they are working with the State to investigate these crimes. Further, Idaho's drug restitution statute requires the State to establish the costs *actually incurred* by police and the prosecution by a preponderance of the evidence to obtain reimbursement. Any restitution order under the law enforcement reimbursement statute must be supported by substantial and competent evidence, whereas the general restitution statute allows for "recovery of what is 'reasonable.'" *State v. Nelson*, 161 Idaho 692, 697, 390 P.3d 418, 423 (2017) (citations omitted). Given the differences between the police and traditional victims, and the different burdens of proof attached to the statutes, the possibility of an "injustice" resulting from the State's failure to raise the issue of appellate waiver in this context is far less likely than in the case of a traditional "victim" and does not support an application of the "exceptional circumstances" exception to the preservation rule.

> 2. *The plea agreement did not contain an appellate waiver with respect to Wilde's ability to challenge the district court's compliance with Idaho's drug restitution statute under Idaho Code section 37-2732(k).*

In our view, Wilde's plea agreement did not contain an appellate waiver with respect to restitution under Idaho Code section 37-2732(k). Wilde's plea agreement included the term that he agreed to "pay drug restitution for costs of investigation pursuant to I.C. § 37-2732(k)[.]" In *State v. Foeller*, 168 Idaho 884, 887–88, 489 P.3d 795, 798–99 (2021), the State argued that the terms of the defendant's plea agreement that she pay "any reimbursement 'per statute'" limited her ability to appeal the district court's restitution order. We explained that "[t]he most objective, plain reading of the term 'per statute' in the plea agreement would be that the district court 'shall consider' the statutory factors for assessing restitution," and "that any restitution awarded must comply with the statute for restitution." *Id.* at 888, 489 P.3d at 799. We held that the defendant's plea agreement did not waive her right to appeal whether the district court adequately considered

those factors in awarding restitution. *Id.* Like the defendant's plea agreement in *Foeller*, Wilde's plea agreement contained the phrase "pursuant to Idaho Code section 37-2732(k)," which is the functional equivalent of an agreement to pay restitution "per statute." The most objective, plain reading of the term "pursuant to Idaho Code section 37-2732(k)" is that the district court shall consider the relevant factors in awarding restitution under Idaho's drug restitution statute. As a result, Wilde did not waive his right to challenge whether the district court adequately considered those factors when it awarded restitution. In this case, it appears that the Court of Appeals focused on earlier language in Wilde's plea agreement that dealt with restitution in general and overlooked the specific term related to restitution under the drug restitution statute.

**B. The district court did not err when it awarded additional restitution under Idaho Code section 37-2732(k).**

Turning to the merits of Wilde's appeal, we hold that the district court did not err when it awarded additional restitution under Idaho Code section 37-2732(k). Idaho Code section 37-2732(k) allows the State to seek restitution or reimbursement for investigative and prosecutorial costs related to drug cases. Section 37-2732(k) states that, "[u]pon conviction of a felony or misdemeanor violation under this chapter . . . , the court may order restitution for costs incurred by law enforcement agencies in investigating the violation." I.C. § 37-2732(k). "Law enforcement agencies" under this section include "county and city law enforcement agencies," and "costs" under this section include costs related to "any other investigative or prosecution expenses actually incurred, including regular salaries of employees." *Id.* A guilty plea qualifies as a conviction for the purposes of this section. *Id.*

We have noted that Idaho's drug restitution statute "is short on specific guidance regarding the nature of a restitution award or the procedure to obtain such an award." *State v. Gomez*, 153 Idaho 253, 258, 281 P.3d 90, 95 (2012). Thus, "the general restitution statute, Idaho Code section 19-5304, can be instructive when awarding restitution under section 37-2732(k)." *State v. Kelley*, 161 Idaho 686, 692, 390 P.3d 412, 418 (2017) (citation omitted). Caselaw interpreting the general restitution statute can provide courts guidance when considering "the financial resources, needs and earning ability of the defendant" in the context of drug restitution. *See id.* (first citing *Gomez*, 153 Idaho at 258, 281 P.3d at 95; then citing *State v. Harer*, 160 Idaho 98, 101, 369 P.3d 316, 319 (Ct. App. 2016); and then quoting I.C. § 19-5304(7)). Further, it is well established that "[t]he immediate inability to pay restitution by a defendant shall not be, in and of itself, a reason to not order restitution." *Id.* (quoting I.C. § 19-5304(7)).

This Court has upheld restitution orders despite a defendant's claim of current and future inability to pay when the record showed that the trial court adequately assessed the defendant's ability to pay. *Foeller*, 168 Idaho at 888–90, 489 P.3d at 799–801. In *Foeller*, the defendant claimed that the trial court had not adequately considered her foreseeable ability to repay $535,952.87 in restitution after she was convicted of embezzling from her employer. *Id.* at 887, 489 P.3d at 798. The defendant argued she was "financially indigent, lacked other financial resources," and "would not be able to work as an accountant upon her release[.]" *Id.* She also had "a documented disability for various mental health disorders" and indicated she may be divorcing her spouse. *Id.* The trial court cited "several relevant statutory provisions, including Idaho Code section 19-5304(7)," and "acknowledged only that [the defendant] would eventually be released and that she 'does have the ability to earn money' to pay at least part of the ordered restitution." *Id.* at 889, 489 P.3d at 800. We upheld the trial court's restitution order, explaining that the defendant "does not need to be employed at the maximum of her earning potential in order to compensate the victims of her crime," that "she is facing a much shorter three-year fixed sentence," and that there was "substantial evidence supporting the district court's finding . . . that [the defendant] has an above average ability to earn money upon her release." *Id.* at 890, 489 P.3d at 801.

Wilde's argument on appeal that the district court abused its discretion in awarding additional restitution is unavailing. When the district court issued its oral ruling on restitution, it noted that whether to award restitution was a discretionary decision, and that in the drug restitution context "[w]hat amount of restitution to award is a question of fact that rests with the district court whose finding will not be disturbed if actually supported by substantial evidence." The district court explained that if it determined the requested investigative costs were actually incurred, it would also consider whether restitution is proper based on "other fines imposed, victim restitution, assets, and previous and prospective earning abilities." It referenced Wilde's presentence investigation report, which described Wilde's work history, including his work in construction as a carpenter, general laborer, and a heavy equipment operator. The report stated that when Wilde was employed over a five-year period, he earned eighteen to twenty-eight dollars per hour. The report also noted that Wilde had not had legitimate income since 2019 and was not employed prior to his arrest. Like the defendant in *Foeller,* it is not necessary for Wilde to be employed at the maximum of his earning potential to repay some of the restitution. Although Wilde's fixed

8

sentence is longer than the defendant's sentence in *Foeller*, Wilde will be released eventually and there is the possibility that he could be released from prison after ten years and obtain employment. The district court noted that despite Wilde's lack of employment, he had "some employability skills" and he could potentially "qualify for work release or other work programs" while incarcerated. It addressed and rejected Wilde's argument that additional restitution was not proper, "even considering a lengthy incarceration and a substantial fine," and denied "the request to exercise [the court's] discretion and impose zero amount for drug restitution." We hold that the district court's order for restitution was supported by substantial and competent evidence and that the district court did not abuse its discretion in awarding additional restitution under Idaho Code section 37-2732(k).

## IV.     CONCLUSION

For the above stated reasons, the district court's restitution order is affirmed.

Chief Justice BEVAN and Justices BRODY, MOELLER and ZAHN CONCUR.