**IN THE SUPREME COURT OF THE STATE OF IDAHO**
**Docket No. 46494**

| | | |
|---|---|---|
| STATE OF IDAHO, | ) | |
| | ) | **Boise, November 2019 Term** |
| Plaintiff-Respondent, | ) | |
| | ) | **Opinion Filed: February 24, 2020** |
| v. | ) | |
| | ) | **Karel A. Lehrman, Clerk** |
| CHRISTINA VILLA-GUZMAN, | ) | |
| | ) | |
| Defendant-Appellant | ) | |
| | ) | |

Appeal from the District Court of the Fifth Judicial District of the State of Idaho, Jerome County. Eric Wildman, District Judge.

The decision of the district court is <u>affirmed</u>.

Eric D. Fredericksen, Idaho State Public Defender, Boise, attorney for Appellant. Reed P. Anderson argued.

Lawrence G. Wasden, Idaho Attorney General, Boise, attorney for Respondent. Kenneth Jorgensen argued.

_____

BEVAN, Justice

## I. NATURE OF THE CASE

In 2017, Christina Villa-Guzman was charged with trafficking marijuana, possession of a controlled substance, and possession of drug paraphernalia. Villa-Guzman was tried and a jury found her guilty of a lesser-included misdemeanor offense of being present where there are controlled substances. She was acquitted on two of the charges and the jury could not reach a decision on the remaining charge. After trial, the State requested restitution in the amount of $5,176.32 for the expenses incurred prosecuting Villa-Guzman pursuant to Idaho Code section 37-2732(k). The district court ordered Villa-Guzman to pay restitution in the full amount requested. Villa-Guzman appeals the district court's restitution award. We affirm.

## II. FACTUAL AND PROCEDURAL BACKGROUND

1

On August 22, 2016, officers with the Jerome County Sheriff's Office responded to a call at the Days Inn in Jerome, Idaho. The call ultimately led to the arrest of Jesus Malagon and appellant, Christina Villa-Guzman. Villa-Guzman was originally charged with trafficking marijuana, possession of a controlled substance, possession of drug paraphernalia and frequenting a place where controlled substances are known to be located. However, the State moved to dismiss the frequenting charge before trial, which the district court granted. A three-day trial ensued. During closing argument, Villa-Guzman argued that the jury should acquit her of all charged offenses, and, if necessary, only find her guilty of a lesser-included offense of being present where there are controlled substances. The jury did just that, finding Villa-Guzman not guilty of the trafficking marijuana charge, but convicting her of being present where there are controlled substances. She was acquitted of the possession of drug paraphernalia charge and the jury could not reach a verdict on the possession of a controlled substance charge. A judgment of conviction on the misdemeanor lesser-included offense was subsequently entered.

Prior to sentencing, the State requested restitution under Idaho Code section 37-2732(k) in the amount of $5,176.32. As evidence of the costs incurred, the State attached to the restitution request an itemized cost sheet detailing the dates, attorneys, activities, hours, and costs associated with working on Villa-Guzman's case. Although the restitution request was signed by the prosecutor, neither the request nor the attached cost sheet were supported by a sworn statement.

The district court briefly heard the parties' arguments about restitution at the sentencing hearing on September 17, 2018. Villa-Guzman objected to the restitution request, arguing she was convicted only on the lesser included misdemeanor offense and that the restitution request was almost entirely attributable to the charges for which Villa-Guzman was acquitted or not convicted. Villa-Guzman argued that no restitution should be awarded in the case. The district court took the matter under advisement and issued its written decision a few days later, concluding:

> The offense falls squarely within the purview of the statute notwithstanding the conviction was on a lesser included offense. The Court has reviewed the State's itemized restitution request and finds that the items for which the State is requesting reimbursement also fall squarely within the purview of the statute. The Court further finds the request to be reasonable given the lengthy procedural history of this case including a suppression motion, the defendant's switching of counsel midway through the proceedings and a three day jury trial. Finally, although at the time of the sentencing the Court reserved ruling on the

restitution amount, the sentence imposed took into consideration that the defendant would nevertheless have a significant restitution obligation, albeit the exact amount had yet to be determined.

The State's restitution request of $5,176.32 was granted in full. Villa-Guzman made no further objections and the district court entered a judgment as outlined in the written decision. Villa-Guzman timely appealed.

## III. ISSUE ON APPEAL

Whether the district court's restitution award in the amount of $5,176.32 was an abuse of discretion.

## IV. STANDARD OF REVIEW

"By its plain terms, restitution under section 37-2732(k) is discretionary, as it states that 'the court may order restitution[.]' " *State v. Kelley*, 161 Idaho 686, 691, 390 P.3d 412, 417 (2017). Thus, this Court reviews the district court's award for abuse of discretion. *State v. Cunningham*, 161 Idaho 698, 700, 390 P.3d 424, 426 (2017).

> When this Court reviews an alleged abuse of discretion by a trial court the sequence of inquiry requires consideration of *four* essentials. Whether the trial court: (1) correctly perceived the issue as one of discretion; (2) acted within the outer boundaries of its discretion; (3) acted consistently with the legal standards applicable to the specific choices available to it; and (4) reached its decision by the exercise of reason.

*Lunneborg v. My Fun Life*, 163 Idaho 856, 863, 421 P.3d 187, 194 (2018). The district court must "base the amount of restitution upon the preponderance of evidence submitted by the prosecutor, defendant, victim, or presentence investigator." *Cunningham*, 161 Idaho at 700, 390 P.3d at 426 (quoting *State v. Weaver*, 158 Idaho 167, 170, 345 P.3d 226, 229 (Ct. App. 2014)). The proper amount of restitution to award is a question of fact and the district court's findings will not be disturbed on appeal if supported by substantial evidence. *Id.*

## V. ANALYSIS

Villa-Guzman argues the district court's restitution award constituted an abuse of discretion for two reasons. First, Villa-Guzman asserts the State failed to satisfy its evidentiary burden because the restitution request and attached cost sheet were unsworn and contained numerous errors which prevented the district court from determining costs actually incurred. Second, Villa-Guzman argues restitution can be awarded only for time spent on charges for which she was convicted. According to Villa-Guzman, the State's request did not specify which expenses were incurred for prosecuting the lesser included misdemeanor offense. Instead, the

cost sheet included a global summary of expenses incurred for prosecuting all charges originally brought against Villa-Guzman. We hold that Villa-Guzman's arguments are either (1) unpreserved for appeal; or (2) unsound. Thus, we affirm.

### A. Villa-Guzman failed to preserve the foundational challenges she makes to the State's restitution request and attached cost sheet.

Villa-Guzman cites a general rule that an appeal challenging the sufficiency of the evidence can be made for the first time on appeal. *See State v. Yeoumans*, 144 Idaho 871, 873, 172 P.3d 1146, 1148 (Ct. App. 2007) (holding that "an appellate challenge to the sufficiency of evidence to meet a party's burden of proof requires no specific action or argument below."). While we support this legal principle as it pertains to the evidence necessary to sustain a burden of proof at trial, we disagree that such a standard pertains to matters affecting restitution evidence.

Idaho Rule of Evidence 101(d)(7) generally applies the rules of evidence to restitution hearings unless modified by Idaho Code section 19-5304(6), which permits the admission of hearsay in some cases. *State v. Cunningham*, 164 Idaho 759, 763, 435 P.3d 539, 543 (2019). We hold that defects in the documents admitted to support restitution are *foundational* errors, which require an objection at the time of the restitution hearing to preserve those arguments for appeal. Thus, the broad-sweeping statement in *Yeoumans* about allowing an appellate challenge to evidence on appeal without specific action in the trial court does not apply to evidence necessary to sustain a burden of proof in restitution hearings under section 37-2732(k). S*ee also* I.R.E. 103(a)(1). Errors such as those raised by Villa-Guzman can easily be remedied in the trial court by counsel making a contemporaneous objection. Since Villa-Guzman failed to make such an objection in the trial court, she cannot do so now. *State v. Draper*, 151 Idaho 576, 593 n.7, 261 P.3d 853, 870 n.7 (2011) ("The longstanding rule of this Court is that we will not consider issues that are presented for the first time on appeal."). Thus, we decline reaching the merits about the alleged defects in the State's proof.

### B. The district court's restitution award was not an abuse of discretion.

Turning to the substance of Villa-Guzman's argument, the district court made two determinations in its restitution order: (1) the misdemeanor conviction was one for which restitution may be ordered pursuant to Idaho Code section 37-2732(k); and (2) the items listed in the State's restitution request fell squarely within the purview of that statute. Villa-Guzman argues that the district court's second determination constitutes an abuse of discretion because

4

the costs requested by the State necessarily included costs for charges of which she was acquitted or not convicted of. Thus, she contends the award was not in accordance with the legal requirements of section 37-2732(k) and the district court's decision did not reflect the exercise of reason. For the reasons discussed below, Villa-Guzman's arguments are unpersuasive.

"[S]ection 37-2732(k), by its plain terms, grants discretion to award restitution to the State for prosecution expenses '*actually incurred*.' " *Cunningham*, 161 Idaho at 697, 390 P.3d at 423. Idaho Code section 37-2732(k) provides:

> Upon conviction of a felony or misdemeanor violation under this chapter . . . the court may order restitution for costs incurred by law enforcement agencies in investigating the violation. Law enforcement agencies shall include, but not be limited to, the Idaho state police, county and city law enforcement agencies, the office of the attorney general and county and city prosecuting attorney offices. Costs shall include, but not be limited to, those incurred for the purchase of evidence, travel and per diem for law enforcement officers and witnesses throughout the course of the investigation, hearings and trials, and any other investigative or prosecuting expenses actually incurred, including regular salaries of employees. . . . A conviction for the purposes of this section means that the person has pled guilty or has been found guilty, notwithstanding the form of the judgment(s) or withheld judgment(s).

The factual and procedural backdrop of this case matters. The original criminal complaint filed against Villa-Guzman in August 2016 charged her with felony trafficking in marijuana, misdemeanor possession of drug paraphernalia, felony possession of a controlled substance (ecstasy) with intent to deliver, and felony trafficking in cocaine. Importantly, all of these charges arose out of a single police search of a motel room in which she was staying.

After a series of motions to dismiss and amendments to the Information, the jury was charged with answering five questions:

1. Was Villa-Guzman guilty of trafficking in marijuana? The jury answered no.
2. Was Villa-Guzman guilty of the lesser included misdemeanor offense of being present at a place where controlled substances were present? The jury answered yes.
3. Was Villa-Guzman guilty of possession of drug paraphernalia? The jury answered no.
4. Was Villa-Guzman guilty of possession of a controlled substance (ecstasy)? The jury was unable to reach a unanimous decision.
5. Was Villa-Guzman guilty of the lesser included misdemeanor offense of being present where there are controlled substances? The jury was unable to reach a unanimous decision.

Even after the jury's verdict, the case was far from over. The State continued to pursue the felony possession charge until June 2018 when it moved to dismiss the charge without prejudice. At that point, the case turned to sentencing on the misdemeanor conviction for being present where there are controlled substances.

Despite all of the procedural twists and turns this case took, the State submitted a limited request for restitution. The request covered the time period from the inception of the case until the jury returned a verdict. The State did not submit a request for restitution for any work done on the charges Villa-Guzman was acquitted or not convicted of after the jury's verdict was rendered. The State's cost sheet outlined the date work was performed, the initials of the attorney who performed the work, a summary of the work performed on each day, the time spent, and a calculation of the cost incurred as part of that work. The first entry, for example, was for time spent by a deputy prosecuting attorney to attend the arraignment in magistrate court, review the probable cause statement, and file the complaint. There were similar entries for attending hearings in district court, drafting a response to a motion to suppress, engaging in negotiations, preparing jury instructions and witness lists, general trial preparation, and attending trial. The cost sheet ended on the last day of trial.

Given the facts here, the district court's decision to award restitution complied with the legal mandates of Idaho Code section 37-2732(k) and was reached through an exercise of reason. There is no dispute that the work set forth in the cost sheet was done or that the costs were incurred. Villa-Guzman's challenge is essentially that the State did not apportion the costs between the charges she was acquitted or not convicted from the lesser included misdemeanor for which she was convicted. While apportionment of costs may be warranted in some cases, it was not an abuse of discretion here for the district court to determine that all the costs claimed fell within the purview of the restitution statute.

Looking again at the very first entry on the cost sheet – time spent attending the arraignment and drafting the complaint – we run up against the unreasonableness of apportioning such costs in cases like this one. Apportioning the cost between the charges that did not result in conviction and the lesser included offense for which Villa-Guzman was convicted is simply untenable; the time spent was part of all the charges.

One of the largest costs in the case was for time spent defending against Villa-Guzman's motion to suppress. That motion challenged the constitutionality of law enforcement's search of the motel room, and, had it succeeded, would have led to the suppression of the evidence that is

6

the basis of all the charges. Again, there is no basis for apportionment. Villa-Guzman also argues that the State's brief in opposition to the motion to suppress was filed not only in response to her motion, but also in response to the same motion made by a co-defendant. That the memorandum was used in connection with another case does not take the cost outside the purview of 37-2732(k). While the State may not be entitled to recover twice for the work done on the motion to suppress, that does not prevent the Court from imposing a legal obligation to pay the cost on two separate parties.

Costs incurred for time spent on trial preparation and trial attendance were the largest components of the restitution award. While Villa-Guzman again argues that these costs should have been apportioned between the charges she was not convicted of and lesser included offense of which she was convicted, her apportionment argument fails to consider that even if the other charges had not been pursued, the State still had to prove the presence of drugs and paraphernalia in the motel room where Villa-Guzman was present. Put differently, Villa-Guzman has offered no theory on how the State's trial preparation or the trial itself would have been different had the State only pursued the lesser included offense. As a result, there is no basis to conclude that the district court abused its discretion by awarding the full amounts for trial preparation and attendance.

Once again, this was a discretionary call by the district judge. Such judges are fully able to make such discretionary determinations on the record before them. There was no abuse of that discretion here.

## VI. CONCLUSION

Given the foregoing, the decision of the district court is affirmed.

Chief Justice BURDICK, Justices BRODY and MOELLER, CONCUR.

STEGNER, J., dissenting.

I respectfully dissent from the majority opinion because I think that the issue regarding whether the award of restitution was unfounded was preserved on appeal. Not only do I think it was preserved, I think it was meritorious.

Villa-Guzman's counsel objected to the State's request for restitution, arguing that restitution was inappropriate. Defense counsel stated,

> I think almost all of [the restitution] is attributable to the State going forward on the felony [sic], and to lose on the felony counts and dismiss the felony counts and then turn around and ask to be reimbursed for the entire cost of law

7

enforcement, including the State going to trial, I don't think it's the purpose of the statute for restitution in this matter, and I think given the overall facts around it that there should be no restitution in this case.

Following the State's arguments concerning restitution, the district court stated, "I have not looked at [the request for restitution] yet, so what I will do is look at it and issue an order, and then if you want to object it to [sic], then, certainly, object to it."

The majority relies on *State v. Hester*, 114 Idaho 688, 700, 760 P.2d 27, 39 (1988), for the proposition that if a district court reserves a ruling on an issue, a litigant must continue to object in order for the issue to be preserved on appeal. However, *Hester* concerned a motion in limine regarding the admissibility of evidence during trial. *Id.* In that case, this Court stated,

> [t]he trial judge . . . may decide that it is inappropriate to rule in advance on the admissibility of evidence based on a motion in limine, but may defer his ruling until the case unfolds and there is a better record upon which to make his decision. In such an event, a litigant who has made a motion in limine requesting advance rulings on the admissibility of evidence must continue to assert his objections as the evidence is offered or his objections are not preserved.

*Id.*

The rule announced in *Hester* does not apply in this case for two reasons. First, there was no need for the record to be developed further. This was the end of the proceedings. There had been a trial, Villa-Guzman had been sentenced, and restitution was the only matter left unresolved. Defense counsel objected to restitution because the vast majority of the restitution sought resulted from the prosecution of Villa-Guzman's felony offenses. However, Villa-Guzman was not convicted of any felonies. The only charge that resulted in a conviction was misdemeanor frequenting. As a result, the district court should have taken the objection into consideration in its decision whether to award restitution.

Second, an order on a motion in limine is not immediately appealable as a matter of right, while an order awarding restitution is. Such an order is an appealable judgment under I.A.R. 11(c)(9). Once the judgment was entered, the forty-two day time clock to file a notice of appeal began to tick. I.A.R. 14(a). Requiring a defendant to file an objection to an appealable judgment, puts the defendant between a rock and a hard place: she must file the objection or run the very real risk of running out of time to file an appeal.

For these reasons, I think the preservation rule articulated by the majority today places an unnecessary procedural hurdle on a defendant who wishes to appeal an order granting restitution. Accordingly, I would find the issue has been preserved and also address the issue on its merits.

8

Upon reaching the merits, I would vacate the order of restitution and remand the case to the district court because Villa-Guzman's argument is meritorious. The cost sheet used to calculate the award of restitution does not differentiate between costs incurred on the felony charges and the costs incurred on the lone successful misdemeanor charge. Idaho Code section 37-2732(k) only allows restitution to be awarded for expenses actually incurred in prosecuting charges *that result in a conviction*. Considering Villa-Guzman was only convicted of one misdemeanor charge, any award of costs incurred based on the felonies (or the misdemeanor which resulted in an acquittal) is not supported by law. Accordingly, I would hold that the district court abused its discretion in awarding the entirety of the restitution sought.

For these reasons, I respectfully dissent.