**IN THE COURT OF APPEALS OF THE STATE OF IDAHO**

**Docket No. 48616**

| | |
|---|---|
| STATE OF IDAHO, | ) |
| | ) **Filed: May 26, 2022** |
| Plaintiff-Respondent, | ) |
| | ) **Melanie Gagnepain, Clerk** |
| v. | ) |
| | ) **THIS IS AN UNPUBLISHED** |
| BRANDON RICHARD CURTISS, | ) **OPINION AND SHALL NOT** |
| | ) **BE CITED AS AUTHORITY** |
| Defendant-Appellant. | ) |
| | ) |

Appeal from the District Court of the Fourth Judicial District, State of Idaho, Ada County. Hon. Peter G. Barton, District Judge.

Second order of restitution, affirmed.

Eric D. Fredericksen, State Appellate Public Defender; Jacob L. Westerfield, Deputy Appellate Public Defender, Boise, for appellant.

Hon. Lawrence G. Wasden, Attorney General; Mark W. Olson, Deputy Attorney General, Boise, for respondent.

_____

HUSKEY, Judge

Brandon Richard Curtiss appeals from the district court's second order of restitution. Curtiss alleges the district court's second order of restitution is not supported by substantial evidence. Foundational challenges to evidence supporting the restitution amount must be raised in the trial court to be preserved for consideration on appeal. Curtiss did not raise his evidentiary foundational challenge claims in the district court and, consequently, they are not preserved for appeal. Because the district court's second order of restitution is supported by substantial evidence, the district court did not err and the second order of restitution is affirmed.

**I.**

**FACTUAL AND PROCEDURAL BACKGROUND**

The State charged Curtiss with eighteen counts of grand theft alleging that Curtiss, through his position as a property manager, withheld rental income from eighteen homeowners. Pursuant

1

to a plea agreement, Curtiss pled guilty to one count of grand theft and agreed to pay restitution "for all the victims of all charged and/or dismissed conduct," in an amount to be determined at a later date. The district court sentenced Curtiss to a unified sentence of fourteen years, with three years determinate, suspended the sentence, and placed him on probation with 365 days to be served in county jail.

The parties each retained a forensic accounting expert, who compiled separate restitution reports. Thousands of pages of documents were submitted to the district court, including a report from each forensic examiner. The district court held a two-day restitution hearing at which both experts testified regarding their calculations for the appropriate amount of restitution. Following the hearing, the parties stipulated to restitution amounts for five of the eighteen homeowners, and the district court entered a restitution order as to those homeowners. However, the parties disputed the amount of restitution for the remaining thirteen homeowners; the State's expert determined that Curtiss owed the remaining homeowners $94,846.53 while Curtiss's expert determined Curtiss owed $35,895.59, including no restitution amount for several of the homeowners.

The parties submitted written closing arguments. The State argued the district court should adopt the conclusions of its expert and award $94,846.53 of restitution to the thirteen remaining homeowners. In contrast, Curtiss argued the district court should adopt his expert report and award $35,895.59 for the thirteen remaining homeowners. Curtiss argued that his expert report was the most fair to all parties, contending the State's expert was not objective for various reasons, including her background working for prosecutors and her methodology in which she required verification for Curtiss's documents that she did not require for documents from other individuals or institutions.

The district court weighed the evidence presented and determined that although both experts testified credibly, in light of the State's expert's background, reasonable investigation process, sound methodology, and reliance on a vast array of documents (not just those Curtiss provided), the State's expert report was more reliable than Curtiss's. Accordingly, the district court found the State established by a preponderance of the evidence that Curtiss owed the thirteen remaining homeowners the amounts established by the State's expert report and the court entered a second order of restitution for $94,846.53.[1] Curtiss timely appeals.

---

[1] The district court subsequently entered a corrected second restitution order. This corrected restitution order did not change the restitution amounts ordered in the second restitution order.

## II.

## STANDARD OF REVIEW

A trial court's order of restitution is reviewed for an abuse of discretion. *State v. Foeller*, 168 Idaho 884, 887, 489 P.3d 795, 798 (2021). When a trial court's discretionary decision is reviewed on appeal, the appellate court conducts a multi-tiered inquiry to determine whether the lower court: (1) correctly perceived the issue as one of discretion; (2) acted within the boundaries of such discretion; (3) acted consistently with any legal standards applicable to the specific choices before it; and (4) reached its decision by an exercise of reason. *State v. Herrera*, 164 Idaho 261, 270, 429 P.3d 149, 158 (2018).

## III.

## ANALYSIS

Curtiss alleges the district court erred in its second order of restitution by ordering the restitution amounts listed in the State's expert report. Specifically, Curtiss argues the district court's second order of restitution is not supported by substantial evidence because the calculations in the State's expert report: (1) improperly required Curtiss to pay restitution to the homeowners for the non-rental payments made by the tenants to Curtiss, in violation of Idaho Code § 6-321; (2) assessed the non-payment of non-rental income against Curtiss even though he only pled guilty to "collecting rent checks from tenants renting property owned by" the homeowners and "refusing to disburse the rents he agreed to collect on his behalf" back to those homeowners; and (3) contained computational errors, including listing payments twice that were made by tenants to Curtiss and using the wrong check numbers for payments made by Curtiss to some of the homeowners. Curtiss asks this Court to reverse the district court's second order of restitution and remand the case for further proceedings. In response, the State contends the district court did not err because substantial evidence supports the second order of restitution and Curtiss's arguments are unpreserved.

Idaho Code Section 19-5304(2) authorizes a sentencing court to order a defendant to pay restitution for economic loss to the victim of a crime. The decision of whether to order restitution, and in what amount, is within the discretion of a trial court, guided by consideration of the factors set forth in I.C. § 19-5304(7) and by the policy favoring full compensation to crime victims who suffer economic loss. *State v. Richmond*, 137 Idaho 35, 37, 43 P.3d 794, 796 (Ct. App. 2002); *State v. Bybee*, 115 Idaho 541, 543, 768 P.2d 804, 806 (Ct. App. 1989). While the appropriate

amount of restitution is a question of fact for the trial court, *State v. Lombard*, 149 Idaho 819, 822, 242 P.3d 189, 192 (Ct. App. 2010), the restitution order must be based upon the preponderance of evidence submitted. *State v. Smith*, 144 Idaho 687, 695, 169 P.3d 275, 283 (Ct. App. 2007); *see also* I.C. § 19-5304(6).

A trial court's findings with regard to restitution will not be disturbed on appeal if the findings are supported by substantial evidence. *State v. Corbus*, 150 Idaho 599, 602, 249 P.3d 398, 401 (2011). Substantial evidence is such relevant evidence as a reasonable mind might accept to support a conclusion. *State v. Straub*, 153 Idaho 882, 885, 292 P.3d 273, 276 (2013). Substantial evidence may support a restitution order even if the evidence presented to the trial court was conflicting, *Bettwieser v. New York Irrigation Dist.*, 154 Idaho 317, 322, 297 P.3d 1134, 1139 (2013), or included inherent challenges to estimating the actual economic loss suffered by a crime victim, like in embezzlement cases where employee theft has spanned a long period of time. *Lombard*, 149 Idaho at 823, 242 P.3d at 193. Ultimately, we will not substitute our view for that of the trier of fact as to the credibility of the witnesses, the weight to be given to the testimony, and the reasonable inferences to be drawn from the evidence. *State v. Knutson*, 121 Idaho 101, 104, 822 P.2d 998, 1001 (Ct. App. 1991); *State v. Decker*, 108 Idaho 683, 684, 701 P.2d 303, 304 (Ct. App. 1985).

## A. Curtiss's Claims Are Foundation Objections to the State's Expert Report and Are Unpreserved for Appeal

The district court made detailed factual findings, ultimately concluding the State's expert report was more credible and reliable than Curtiss's expert report. For the first time on appeal, Curtiss makes several specific allegations of error in the State's expert report. While it is undisputed that Curtiss did not raise his challenges to the State's expert report during the proceedings below, Curtiss contends that his claims on appeal are challenges to the sufficiency of the evidence on which the restitution award was based and, thus, can be raised for the first time on appeal. We disagree.

Generally, issues not raised below may not be considered for the first time on appeal, *State v. Fodge*, 121 Idaho 192, 195, 824 P.2d 123, 126 (1992), and parties will be held to the theory upon which the case was presented to the lower court. *State v. Oxford*, 167 Idaho 515, 521, 473 P.3d 784, 790 (2020). We will not hold that a trial court erred in making a decision on an issue or a party's position on an issue that it did not have the opportunity to address. *State v. Gonzalez*, 165 Idaho 95, 99, 439 P.3d 1267, 1271 (2019). While in some circumstances challenges to the

4

sufficiency of the evidence may be raised for the first time on appeal, *State v. Yeoumans*, 144 Idaho 871, 873, 172 P.3d 1146, 1148 (Ct. App. 2007), the Idaho Supreme Court has clarified that same broad challenge does not apply to restitution evidence. *State v. Villa-Guzman*, 166 Idaho 382, 384, 458 P.3d 960, 962 (2020) ("While we support this legal principle as it pertains to the evidence necessary to sustain a burden of proof at trial, we disagree that such a standard pertains to matters affecting restitution evidence."). Instead, arguments that address the nature, rather than amount, of evidence supporting a restitution award will not be considered when raised for the first time on appeal. *See State v. Hess*, 166 Idaho 707, 711-12, 462 P.3d 1171, 1175-76 (2020).

In *Hess*, Hess pled guilty to felony trafficking in heroin and agreed to pay restitution in an amount to be determined at sentencing. *Id.* at 708, 462 P.3d at 1172. The State requested $8,116.35 in restitution, comprised of $400 for lab tests, $391.95 for prosecution costs, and $7,324.40 for investigation costs. *Id.* at 708-09, 462 P.3d at 1172-73. At the restitution hearing, Hess did not object to the lab test fees or $1,100 of the investigation costs, but objected in general terms to the remaining portions of the State's request, arguing that the State did not provide enough detail to support the remaining amounts. *Id.* at 709-10, 462 P.3d at 1173-74. The district court determined the materials submitted by the State provided sufficient documentation to support the restitution request and entered an order of restitution granting the State's request in its entirety. *Id.* at 709, 462 P.3d at 1173.

On appeal, Hess alleged, in part, that the district court's order of restitution pertaining to prosecution and investigative costs was not supported by substantial evidence because two of the documents the State admitted to support these portions of its restitution request were legally deficient pursuant the Idaho Supreme Court's previous decisions in *State v. Cunningham*, 161 Idaho 698, 390 P.3d 424 (2017) and *State v. Nelson*, 161 Idaho 692, 390 P.3d 418 (2017). *Hess*, 166 Idaho at 710, 462 P.3d at 1174. The Court held that although Hess objected to the prosecution and investigative costs below, his objection was that the State did not provide enough detail to support these costs, not that the documents supporting these costs were legally inadmissible. *Id.* at 711, 462 P.3d at 1175. The Court held while a party may challenge the sufficiency of the evidence (i.e. the *quantum* of evidence) for the first time on appeal, objections to the *admissibility* of evidence must be raised below to be preserved for appeal. *Id.* at 710, 462 P.3d at 1174. Because "any alleged error based on a defect in the documentary evidence supporting a restitution request is a foundational objection . . . [it] must be first made below to be preserved for appellate review."

5

*Id.* Because Hess never raised allegations of the evidentiary defects in the State's documents to the district court, the Court held he failed to preserve these claims on appeal.[2] *Id.* at 711, 462 P.3d at 1175.

Here, Curtiss claims that calculations in the State's expert report (1) improperly required Curtiss to pay restitution to the homeowners for the non-rental payments made by the tenants to Curtiss, in violation of I.C. § 6-321; (2) assessed the non-payment of non-rental income against Curtiss even though he only pled guilty to "collecting rent checks from tenants renting property owned by" the homeowners and "refusing to disburse the rents he agreed to collect on his behalf" back to those homeowners; and (3) contained various computational errors. None of these arguments were raised in the district court. In the district court, Curtiss only argued his expert's report was more fair. Like *Hess*, these are foundational objections that had to be raised to the trial court to be preserved for appeal. Had Curtiss raised these allegations of error below, the district court could have addressed each claim of error and made the appropriate factual findings, thereby creating a record for review. *See Hess*, 166 Idaho at 711, 462 P.3d at 1175 ("Had Hess appropriately articulated his foundational arguments below, the district court could have addressed them.").[3]

Curtiss contends "the admission of conflicting expert witness reports should be sufficient to preserve challenges to the contested portions of those reports" because otherwise it would place an "onerous," "hypertechnical" burden on the parties to identify specific calculation errors in complex restitution proceedings. We are not persuaded. First, identifying relevant legal

---

[2]     The holding in *Hess* is consistent with previous decisions holding that a defendant cannot challenge a restitution order on appeal on legal arguments which have not first been raised in the trial court. *See State v. Wisdom*, 161 Idaho 916, 919-20, 393 P.3d 576, 579-80 (2017) (holding because defendant did not raise claim whether Idaho Medicaid State Operations was eligible for restitution, he could not raise this argument on appeal); *see also State v. Dorsey*, 126 Idaho 659, 661-62, 889 P.2d 93, 95-96 (Ct. App. 1995) (holding because defendant only disputed the timeliness of restitution claim below, he could not raise challenge to restitution order on different legal ground on appeal).

[3]     The record in this case illustrates why an appellate court reviews only challenges to the quantum of evidence, not the nature of evidence, supporting a restitution award. The record encompasses dozens of electronic file folders containing thousands of pages of financial documents and data entries. The district court found portions of these financial records, specifically those provided by Curtiss, contained inaccurate and erroneous information. On appeal, this Court has no way to assess whether the alleged errors identified by appellate counsel are an error by the State's expert or the result of erroneous data in documents provided by Curtiss.

arguments (e.g., whether some of the income qualified as rent) does not depend on the volume of documents. Second, although Curtiss contends that identifying specific computational errors is too onerous for trial counsel, appellate counsel prepared and attached a twenty-eight page appendix to his appellant's brief consisting of line-by-line allegations of error in the State's expert's restitution calculations, including references to individual checks, bank accounts, and tenant fees.[4] Nothing in the record indicates trial counsel was unable to identify these same alleged foundational errors. Thus, the appropriate time to allege such defects--including whether the underlying documents were fraudulent or whether the computations were correct--is in the trial court, where the court can make factual findings including, as previously referenced, the credibility of the witnesses, the weight to be given to the testimony, and the reasonable inferences to be drawn from the evidence. *See Knutson*, 121 Idaho at 104, 822 P.2d at 1001. Because Curtiss did not raise his challenges to the foundational defects in the State's expert report in the district court, he waived consideration of these claims on appeal.

B.      **Substantial Evidence Supports the Second Order of Restitution**

Moreover, substantial evidence supports the district court's second order of restitution. During the restitution hearing, Curtiss did not object to the admission of the State's expert report, which included appendices of individual spreadsheets showing the payouts received by each homeowner from Curtiss, documented expenses Curtiss incurred from managing each property, and a summary document identifying and addressing the discrepancies between her calculations and Curtiss's expert report. After hearing testimony from both parties' experts and reviewing the expert reports, the district court weighed the evidence and found that Curtiss's expert was "overly deferential" to the records provided by Curtiss, despite the "significant and apparent risk" that Curtiss had falsified his records in an attempt to cover up the missing money owed to the homeowners. As such, the district court found that Curtiss's expert's experience and methodology was "more appropriate for civil issues of partnership disputes and divorces, where there may not necessarily be an intentionally deceptive party creating the records over an extended period."

In contrast, the district court found the State's expert was "more credentialed and experienced in the area of investigating fraudulent accounting" and approached each document

---

[4]      This Court does not find the appendix relevant because we are not in a position to make factual findings or assess whether the data upon which appellate counsel's calculations is accurate or that the computations are correct.

with an appropriate level of skepticism. The district court found the State's expert performed a line-by-line analysis of a variety of documents including bank statements, cancelled checks, cash, money orders, cashier's checks, deposits, payment processing provider records, homeowner records, and Curtiss's records. The district court found the State's expert calculated the amount Curtiss owed to the homeowners and concluded Curtiss "altered records in order to reduce or negate the loss to the homeowner," including by changing the amounts of income he received and creating fictitious expenses to reduce the amount of funds due to the homeowners. The district court found the State's expert's investigation was thorough and her methodology in calculating the losses to the homeowners was "reasonable and based on the best evidence available."

The district court acknowledged the inherent difficulties in determining the precise amount of the homeowners' losses in a case of this nature; Curtiss committed the thefts over a long-term period and could conceal the amounts taken. Finding that the State's expert report was more reliable, the district court adopted the State's expert's conclusions regarding the amount Curtiss owed to the thirteen remaining homeowners. The district court's credibility determination in relation to the State's expert will not be disturbed on appeal. As such, taken together, there is a sufficient quantum of evidence to find by a preponderance of the evidence that Curtiss owed the homeowners the amount of restitution ordered. Accordingly, the district court's second order of restitution is supported by substantial evidence.

## IV.

## CONCLUSION

Curtiss's claims of error are foundation defects to the evidence presented to the district court and, as such, he was required to raise these claims below in order to preserve them for consideration on appeal. Because he did not, Curtiss's claims on appeal are unpreserved. The district court's second order of restitution is supported by substantial evidence. Accordingly, the district court did not err and the second order of restitution is affirmed.

Chief Judge LORELLO and Judge GRATTON **CONCUR**.