IN THE COURT OF APPEALS OF THE STATE OF IDAHO
Docket No. 50843

STATE OF IDAHO,

        Plaintiff-Respondent,

v.

BILLY JOE STEWART,

        Defendant-Appellant.

)
)
)
)
)
)
)
)
)
)
)
)

Filed:  June 10, 2025

Melanie Gagnepain, Clerk

THIS IS AN UNPUBLISHED
OPINION AND SHALL NOT
BE CITED AS AUTHORITY

Appeal from the District Court of the Fourth Judicial District, State of Idaho, Ada County.  Hon. Jason D. Scott, District Judge.

Judgment of conviction for possession of a controlled substance, <u>affirmed</u>.

Erik R. Lehtinen, State Appellate Public Defender; Kimberly A. Coster, Deputy Appellate Public Defender, Boise, for appellant.

Hon. Raúl R. Labrador, Attorney General; Kale D. Gans, Deputy Attorney General, Boise, for respondent.

———————————————————————

LORELLO, Judge

        Billy Joe Stewart appeals from his judgment of conviction for possession of a controlled substance.  We affirm.

## I.

## FACTUAL AND PROCEDURAL BACKGROUND

        An officer observed Stewart walking away from his parked vehicle in a dirt lot marked with no-parking signs.  The officer was familiar with the lot and aware that the property owner had a trespass letter on file with the city.  Additionally, the officer determined the vehicle's registration was expired.  The officer asked Stewart for personal identification and informed him he was not allowed to park in the lot.  Stewart did not have personal identification but gave the officer his name and indicated he was on probation.  Stewart also admitted to the officer that

Stewart had been parked in the lot for a few days and was living in his vehicle. The officer asked Stewart to sit on the officer's patrol car while he issued a citation for the vehicle's expired registration and communicated with dispatch to confirm Stewart's identity. While the officer was completing the citation, a canine unit arrived at the scene with a drug dog and conducted a drug-detection sniff of the vehicle. Ultimately, the drug dog alerted to the presence of narcotics in the vehicle. A subsequent search of the vehicle yielded drug paraphernalia containing a white residue consistent with methamphetamine.

The State charged Stewart with possession of a controlled substance, possession of drug paraphernalia, and being a persistent violator. Stewart filed a motion to suppress, arguing the stop was unlawfully extended while waiting for the drug dog. At the hearing on the motion to suppress, Stewart also presented some argument suggesting the initial stop was not supported by reasonable suspicion. The district court noted that Stewart violated I.C.R. 12(c) by presenting a new argument not included in his brief in support of the motion to suppress. The district court further held that, even if Stewart's additional argument was properly raised at the hearing, the initial stop was supported by reasonable suspicion and was not unlawfully extended. Accordingly, the district court denied the motion to suppress. Thereafter, Stewart entered a conditional guilty plea to possession of a controlled substance (I.C. § 37-2732(c)), reserving his right to appeal the district court's denial of his motion to suppress. In exchange for his plea, the State dismissed the additional charges. Stewart appeals.

## II.

### STANDARD OF REVIEW

The standard of review of a suppression motion is bifurcated. When a decision on a motion to suppress is challenged, we accept the trial court's findings of fact that are supported by substantial evidence, but we freely review the application of constitutional principles to the facts as found. *State v. Atkinson*, 128 Idaho 559, 561, 916 P.2d 1284, 1286 (Ct. App. 1996). At a suppression hearing, the power to assess the credibility of witnesses, resolve factual conflicts, weigh evidence, and draw factual inferences is vested in the trial court. *State v. Valdez-Molina*, 127 Idaho 102, 106, 897 P.2d 993, 997 (1995); *State v. Schevers*, 132 Idaho 786, 789, 979 P.2d 659, 662 (Ct. App. 1999).

2

# III.

# ANALYSIS

Stewart argues the district court erred in denying his motion to suppress because the officer did not have reasonable suspicion to detain Stewart for trespassing or a parking violation. In response, the State contends Stewart failed to preserve his reasonable suspicion argument. Even if preserved, the State asserts that Stewart's argument fails on the merits because the officer had reasonable suspicion to support Stewart's initial detention. We hold that Stewart's argument is preserved and that he has failed to show the district court erred in denying his motion to suppress.

## A. Issue Preservation

A motion to suppress evidence must describe the evidence sought to be suppressed and the legal basis for its suppression sufficiently to give the opposing party reasonable notice of the issues. I.C.R. 12(c). At the hearing on the motion to suppress, the district court noted that Stewart advanced a new argument not raised in his brief. In the brief, Stewart only contended that the officer unlawfully extended the stop while waiting for the drug dog--an issue Stewart does not pursue on appeal. At the hearing, however, Stewart also suggested that the officer lacked reasonable suspicion to initiate the stop and detain Stewart. The district court was concerned that the State did not have proper notice of any challenge to the existence of reasonable suspicion. The district court also observed that Stewart's argument regarding the unlawful extension of the stop necessarily conceded that the initial stop was supported by reasonable suspicion. The district court, however, held that, even if Stewart's reasonable suspicion argument was properly raised at the hearing, the officer had reasonable suspicion to support the initial stop.

On appeal, Stewart argues his initial detention was not supported by reasonable suspicion. The State responds that Stewart failed to preserve this issue for appeal, emphasizing the district court's observation that omitting the reasonable suspicion argument from his brief in support of the motion violated I.C.R. 12(c). Even so, the record shows that the district court held the officer had reasonable suspicion to detain Stewart for "some kind of a trespass or parking violation." When the record reveals an adverse ruling that forms the basis for assignment of error, the issue has been preserved and may be raised on appeal. *State v. Huntsman*, 146 Idaho 580, 585, 199 P.3d 155, 160 (Ct. App. 2008); *State v. Amerson*, 129 Idaho 395, 401, 925 P.2d 399, 405 (Ct. App. 1996). Because the district court issued an adverse ruling on whether Stewart's initial detention

3

was supported by reasonable suspicion, the issue is preserved for appeal. Consequently, we address the merits of Stewart's argument.

**B.      Reasonable Suspicion for Detention**

Reasonable suspicion must be based upon specific, articulable facts which justify suspicion that the detained person is, has been, or is about to be engaged in criminal activity. *State v. Sheldon*, 139 Idaho 980, 983, 88 P.3d 1220, 1223 (Ct. App. 2003). An officer may draw reasonable inferences from the facts in his or her possession, and those inferences may be drawn from the officer's experience and law enforcement training. *State v. Montague*, 114 Idaho 319, 321, 756 P.2d 1083, 1085 (Ct. App. 1988). The reasonableness of the suspicion must be evaluated upon the totality of the circumstances at the time of the stop. *State v. Ferreira*, 133 Idaho 474, 483, 988 P.2d 700, 709 (Ct. App. 1999). The reasonable suspicion standard requires less than probable cause but more than mere speculation or instinct on the part of the officer. *Id*. Factual findings that are supported by substantial and competent evidence are not clearly erroneous and will not be overturned on appeal. *State v. Bishop*, 146 Idaho 804, 810, 203 P.3d 1203, 1209 (2009); *See State v. Ish*, 166 Idaho 492, 501, 461 P.3d 774, 783 (2020); *State v. Henage*, 143 Idaho 665, 669, 152 P.3d 16, 20 (2007). Substantial and competent evidence is relevant evidence that a reasonable mind might accept to support a conclusion. *State v. Hess*, 166 Idaho 707, 710, 462 P.3d 1171, 1174 (2020)

The district court determined that, assuming the reasonable suspicion issue was properly raised, Stewart's initial detention was lawful. According to the district court, the no-parking signs near Stewart's parked vehicle, "coupled with the officer's belief from past experience that there is a trespass letter on file" with the city for the lot involved in this case, established reasonable suspicion. Based on the officer's testimony and the evidence presented at the hearing, the district court concluded that there was "reasonable suspicion of some kind of a trespass or parking violation that provide[d] a basis for the stop to happen."

On appeal, Stewart asserts the officer lacked reasonable suspicion to detain Stewart for trespassing because the facts do not establish a violation of I.C. § 18-7008. Stewart's argument is unpersuasive.

Idaho Code Section 18-7008(a) states that a "person commits a criminal trespass" when he or she "enters or remains on the real property of another without permission, knowing or with

4

reason to know that his presence is not permitted." Idaho Code Section 18-7008(1)(g) defines "remaining on the real property" as failing "to depart from the real property of another immediately when notified to do so by the owner or his agent." Additionally, I.C. § 18-7008(1)(a) provides that a person has "reason to know his presence is not permitted" when the property meets one of the descriptions listed in I.C. § 18-7008(2)(a)(i)-(iv). Stewart argues that neither the property's description, nor the property's owner or agent, notified Stewart that his presence was not permitted. Without this prior notice, Stewart contends the officer had no reasonable suspicion that Stewart was breaking the law to support a detention. However, the record supports the district court's finding that the property surrounding Stewart's vehicle displayed no-parking signs. The district court found that these signs, along with the officer's knowledge based on past experience that there was a "trespass letter on file" with the city concerning the lot in question, established reasonable suspicion that Stewart's vehicle was unlawfully parked. Stewart does not challenge these findings on appeal and, as such, we will not presume error. Moreover, the officer did not need to prove a violation of I.C. § 18-7008 in order to have reasonable suspicion of a trespass because whether an officer has reasonable suspicion to justify a detention depends on the totality of the circumstances known to the officer. *See Ferreira*, 133 Idaho at 483, 988 P.2d at 709 (holding that the reasonableness of the suspicion must be evaluated upon the totality of the circumstances and requires less than probable cause but more than mere speculation or instinct on the part of the officer); *Montague*, 114 Idaho at 321, 756 P.2d at 1085 (holding that an officer may draw reasonable inferences from the facts in his or her possession and that those inferences may be drawn from the officer's experience and law enforcement training).

Stewart also argues the officer lacked reasonable suspicion that Stewart was committing a parking violation because "unauthorized parking on private property is not a violation of Idaho's criminal or traffic safety laws." However, the record shows that Stewart conceded at the suppression hearing that he was unlawfully parked at the time of his encounter with law enforcement. Specifically, in arguing the detention was unlawfully extended during his closing remarks, trial counsel stated:

> Was [Stewart] illegally parked? [Stewart] admitted to it. [Stewart] was illegally parked. Give him a ticket and send him on his way. There's no reason to delay him and talk to probation and talk about personal things and check an email that was unrelated. There's no reason for all these delays.

5

We agree with the State that Stewart may not claim error on appeal by arguing the opposite of what he conceded below to the district court. *See State v. Cohagan*, 162 Idaho 717, 721, 404 P.3d 659, 663 (2017) (holding that to allow a party to change positions on appeal would sharply cut against our longstanding policy of requiring parties to present their arguments to the court below); *State v. Norton*, 151 Idaho 176, 187, 254 P.3d 77, 88 (Ct. App. 2011) (holding that the doctrine of invited error applies to estop a party from asserting an error when his or her own conduct induces the commission of the error); *State v. Lee*, 131 Idaho 600, 605, 961 P.2d 1203, 1208 (Ct. App. 1998) (holding that one may not complain of errors one consented to or acquiesced in). Stewart argues that the statement was not a concession regarding the reasonable suspicion supporting the initial stop and should be considered only in the context of his claim that the stop was unlawfully extended. However, Stewart placed no limitation on his factual concession and the record does not support recognizing one now.

The officer had reasonable suspicion to detain Stewart based on the no-parking signs posted on the lot and the officer's awareness of the property owner's trespass letter on file with the city. Because the initial detention was supported by reasonable suspicion, Stewart has failed to show the district court erred in denying his motion to suppress.

## IV.

## CONCLUSION

Stewart's argument that the officer lacked reasonable suspicion to support his initial detention is preserved because the district court issued an adverse ruling. However, Stewart has failed to show error in the district court's decision denying his motion to suppress. Accordingly, Stewart's judgment of conviction for possession of a controlled substance is affirmed.

Judge HUSKEY and Judge TRIBE, **CONCUR**.

6