**IN THE COURT OF APPEALS OF THE STATE OF IDAHO**

**Docket No. 48396**

| | |
|---|---|
| STATE OF IDAHO, | ) |
| | ) **Opinion Filed: March 28, 2022** |
| Plaintiff-Respondent, | ) |
| | ) **Melanie Gagnepain, Clerk** |
| v. | ) |
| | ) |
| BRENT ROSS WICKHAM, | ) |
| | ) |
| Defendant-Appellant. | ) |
| | ) |

Appeal from the District Court of the First Judicial District, State of Idaho, Kootenai County. Hon. John T. Mitchell, District Judge.

Judgment of conviction for possession of a controlled substance, affirmed.

Eric D. Fredericksen, State Appellate Public Defender; Andrea W. Reynolds, Deputy Appellate Public Defender, Boise, for appellant.

Hon. Lawrence G. Wasden, Attorney General; Kale D. Gans, Deputy Attorney General, Boise, for respondent.

_____

HUSKEY, Judge

Brent Ross Wickham appeals from the judgment of conviction entered upon his conditional guilty plea to possession of a controlled substance. Wickham asserts the district court erred in denying his motion to suppress. For the reasons set forth below, we affirm.

## I.

## FACTUAL AND PROCEDURAL BACKGROUND

Wickham was a passenger in a car stopped for failing to signal appropriately before changing lanes. When officers asked Wickham to get out of the car, Wickham began shifting and sliding his hand under his leg. Officers removed Wickham from the car and placed him in handcuffs. Wickham admitted that he tried to hide a pipe that was under his leg and that he had a bag of syringes in his underwear. After finding a glass pipe where Wickham had been sitting, the officers placed Wickham under arrest and searched him. Inside Wickham's pockets, an officer

1

found additional drug paraphernalia and heroin. Wickham told the officers he had intended to sell the heroin.

The State charged Wickham with felony possession of a controlled substance with intent to deliver and possession of paraphernalia. Wickham filed a motion to suppress, arguing that the stop of the car was unlawful. Wickham claimed the driver of the car complied with Idaho Code § 49-808, which provides the requirements for use of a turn signal in various situations and, therefore, the officer did not have probable cause or reasonable suspicion to initiate the stop. Wickham argued that because the driver was on a non-controlled highway and was only changing lanes, not turning, she was not required to signal for 100 feet. The State filed a memorandum in opposition, arguing I.C. § 49-808 should be interpreted to require vehicles not on a controlled-access highway to signal continuously for not less than 100 feet before changing lanes.

The district court held a hearing on the motion, and the State called Officer Ziegler who testified that he observed the car Wickham was in "fail[] to signal appropriately." Officer Ziegler testified that the driver signaled and "almost simultaneously initiated the lane change." Officer Ziegler said he followed the car and saw the driver again signal and almost simultaneously change lanes. Officer Ziegler estimated that both times the driver signaled, the car traveled less than fifteen feet and waited less than one second before changing lanes. Officer Ziegler also testified that the road the car was traveling on was not a controlled-access highway. Wickham argued that the driver signaled; the officer saw the signal before the lane change; and nothing more is required by law.

The district court denied the motion, concluding that whenever a driver is changing lanes, I.C. § 49-808 requires the driver to signal continuously to warn other traffic and that signaling near-simultaneously while changing lanes does not comply with the statute. The court explained:

> [S]ignaling does apply whenever you are changing lanes, and the statute does require that the signal be given continuously to warn other traffic, and I think it could be argued that the statute isn't vague and that it is clear and that you have to warn continuously--warn traffic by giving a signal continuously, and near instantaneous is not--doesn't comply with that statute, or I guess an alternative holding is that the statute is ambiguous and that--that even with--even though the statute was ambiguous, it wasn't complied with in this situation.
>
> Some warning is needed. Near simultaneous warning doesn't comply with any reading of that statute, and that's what we have here. The testimony's uncontradicted in that regard, so I mean, my interpretation of 49-808(1), "No person shall move a vehicle right or left upon a highway unless and until the movement

2

can be made with reasonable safety, nor without giving an appropriate signal." Those are the pertinent portions of 49-808.

The appropriate signal is defined really in subsection (2), and there is a phrase in subsection (1) that needs to be dealt with: "Unless and until the movement can be made with reasonable safety, nor without giving an appropriate signal." What does "nor without" mean? It's really a double negative so it means "with," and I think it has to be interpreted as meaning "and." So you can't move right or left on any road, controlled highway or not, you can't move right or left upon any highway unless and until, one, the movement can be made with reasonable safety, and giving an appropriate signal. Appropriate signal is defined in subsection (2). "Signal of intention to turn or move right or left when required shall be given continuously to warn other traffic."

Wickham entered a conditional guilty plea to a reduced charge of possession of a controlled substance, I.C. § 37-2732(c)(1), and reserved the right to appeal the denial of his motion to suppress. Wickham timely appeals.

## II.

## STANDARD OF REVIEW

The standard of review of a suppression motion is bifurcated. When a decision on a motion to suppress is challenged, we accept the trial court's findings of fact that are supported by substantial evidence, but we freely review the application of constitutional principles to the facts as found. *State v. Atkinson*, 128 Idaho 559, 561, 916 P.2d 1284, 1286 (Ct. App. 1996). At a suppression hearing, the power to assess the credibility of witnesses, resolve factual conflicts, weigh evidence, and draw factual inferences is vested in the trial court. *State v. Valdez-Molina*, 127 Idaho 102, 106, 897 P.2d 993, 997 (1995); *State v. Schevers*, 132 Idaho 786, 789, 979 P.2d 659, 662 (Ct. App. 1999).

This Court exercises free review over the application and construction of statutes. *State v. Reyes*, 139 Idaho 502, 505, 80 P.3d 1103, 1106 (Ct. App. 2003). Where the language of a statute is plain and unambiguous, this Court must give effect to the statute as written, without engaging in statutory construction. *State v. Burnight*, 132 Idaho 654, 659, 978 P.2d 214, 219 (1999); *State v. Escobar*, 134 Idaho 387, 389, 3 P.3d 65, 67 (Ct. App. 2000). The language of the statute is to be given its plain, obvious, and rational meaning. *Burnight*, 132 Idaho at 659, 978 P.2d at 219. If the language is clear and unambiguous, there is no occasion for the court to resort to legislative history or rules of statutory interpretation. *Escobar*, 134 Idaho at 389, 3 P.3d at 67. When this Court must engage in statutory construction because an ambiguity exists, it has the duty to ascertain the legislative intent and give effect to that intent. *State v. Beard*, 135 Idaho 641, 646, 22 P.3d

3

116, 121 (Ct. App. 2001). To ascertain such intent, not only must the literal words of the statute be examined, but also the context of those words, the public policy behind the statute and its legislative history. *Id.* It is incumbent upon a court to give an ambiguous statute an interpretation which will not render it a nullity. *Id.* Constructions of an ambiguous statute that would lead to an absurd result are disfavored. *State v. Doe*, 140 Idaho 271, 275, 92 P.3d 521, 525 (2004).

## III.

## ANALYSIS

Wickham argues the district court erred in denying his motion to suppress because I.C. § 49-808(2) does not require a driver on a non-access-controlled highway to signal a lane change (as opposed to a turn) for any particular amount of time. The State argues the driver's near-simultaneous signals and lane changes contravened the statute and justified the traffic stop.

A traffic stop by an officer constitutes a seizure of the vehicle's occupants and implicates the Fourth Amendment's prohibition against unreasonable searches and seizures. *Delaware v. Prouse*, 440 U.S. 648, 653 (1979); *Atkinson*, 128 Idaho at 561, 916 P.2d at 1286. Under the Fourth Amendment, an officer may stop a vehicle to investigate possible criminal behavior if there is a reasonable and articulable suspicion that the vehicle is being driven contrary to traffic laws. *United States v. Cortez*, 449 U.S. 411, 417 (1981); *State v. Flowers*, 131 Idaho 205, 208, 953 P.2d 645, 648 (Ct. App. 1998). The reasonableness of the suspicion must be evaluated upon the totality of the circumstances at the time of the stop. *State v. Ferreira*, 133 Idaho 474, 483, 988 P.2d 700, 709 (Ct. App. 1999). The reasonable suspicion standard requires less than probable cause but more than mere speculation or instinct on the part of the officer. *Id.* An officer may draw reasonable inferences from the facts in his or her possession, and those inferences may be drawn from the officer's experience and law enforcement training. *State v. Montague*, 114 Idaho 319, 321, 756 P.2d 1083, 1085 (Ct. App. 1988).

Idaho Code § 49-808 provides in relevant part:

> (1) No person shall turn a vehicle onto a highway or move a vehicle right or left upon a highway or merge onto or exit from a highway unless and until the movement can be made with reasonable safety nor without giving an appropriate signal.

> (2) A signal of intention to turn or move right or left when required shall be given continuously to warn other traffic. On controlled-access highways and before turning from a parked position, the signal shall be given continuously for not less than five (5) seconds and, in all other instances, for not less than the last one hundred (100) feet traveled by the vehicle before turning.

The State asserts that under a plain reading of the statute, the 100-foot signal requirement applies both when a driver is turning and changing lanes. Alternatively, the State contends that under any reading of the statute, a near-simultaneous signal does not comply. Wickham asserts the State's alternative argument is not preserved because the "issue argued to and decided by the district court was whether Officer Ziegler had reasonable suspicion to believe the driver of the vehicle in which Mr. Wickham was traveling violated I.C. § 49-808 by twice failing to signal for 100 feet before changing lanes on a non-controlled access highway." We agree that the issue before the district court was whether the officer had reasonable suspicion to believe the driver violated I.C. § 49-808; however, we are not persuaded that the issue was only whether the driver complied with subsection (2) or that the district court's decision was based on a finding that the driver violated the statute by failing to comply with the requirement of I.C. § 49-808(2) to signal for 100 feet.

In concluding that the driver failed to comply with I.C. § 49-808, the district court construed the statute as a whole, referenced both subsection (1) and subsection (2), and concluded that under the language of both subsections, "you can't move right or left on any road, controlled highway or not, you can't move right or left upon any highway unless and until, one, the movement can be made with reasonable safety, and giving an appropriate signal." If an issue was argued to, or decided by, the district court, it can form the basis for review by this Court. *State v. Jeske*, 164 Idaho 862, 868, 436 P.3d 683, 689 (2019). Accordingly, the issue of whether signaling while simultaneously changing lanes is an appropriate signal as required by I.C. § 49-808(1) and (2) is properly before this Court.

Wickham argues the driver's signal was sufficient because there is nothing in the language of I.C. § 49-808(2) that makes it a violation for a driver to give a near-simultaneous signal before changing lanes on a non-controlled-access highway. We disagree. As the district court explained, when read as a whole, I.C. § 49-808 requires drivers on both controlled and non-controlled-access highways to give an appropriate signal before changing lanes. Subsection (1) prohibits lane changes unless and until the movement can be made with reasonable safety. Reasonable safety requires an appropriate signal. An appropriate signal, as defined in the first sentence of I.C. § 49-808(2) is a signal that is sufficiently continuous to warn other traffic of the driver's intent to move the vehicle left or right. A near-simultaneous signal is not an appropriate signal, as it is insufficient to warn other traffic of a driver's intention to move right or left.

5

The district court correctly determined that I.C. § 49-808 requires drivers on controlled and non-controlled-access highways to give an appropriate signal before changing lanes. As found by the district court and undisputed by Wickham, the driver's signal lasted less than one second and occurred as the driver was already changing lanes. This driving pattern did not comply with the statute's requirement that drivers give an appropriate signal before changing lanes and, therefore, provided the officer reasonable suspicion for the stop. As a result, the district court did not err in denying Wickham's motion to suppress.

## IV.

## CONCLUSION

The car Wickham was a passenger in was lawfully stopped, as the driver's failure to give an appropriate signal before changing lanes provided the officer with reasonable suspicion to perform the stop. Therefore, the district court did not err in denying Wickham's motion to suppress. Accordingly, we affirm Wickham's judgment of conviction for possession of a controlled substance.

Chief Judge LORELLO and Judge BRAILSFORD **CONCUR**.