# IN THE COURT OF APPEALS OF THE STATE OF IDAHO

## Docket No. 50709

STATE OF IDAHO,

    Plaintiff-Respondent,

v.

DYLAN MATTHEW TAYLOR,

    Defendant-Appellant.

)
)
)
)
)
)
)
)
)
)
)
)

Filed: November 8, 2024

Melanie Gagnepain, Clerk

THIS IS AN UNPUBLISHED
OPINION AND SHALL NOT
BE CITED AS AUTHORITY

Appeal from the District Court of the Fourth Judicial District, State of Idaho, Ada County. Hon. Jason D. Scott, District Judge.

Judgment of conviction for possession of a controlled substance, <u>affirmed</u>.

Erik R. Lehtinen, State Appellate Public Defender; Kimberly A. Coster, Deputy Appellate Public Defender, Boise, for appellant.

Hon. Raúl R. Labrador, Attorney General; Amy J. Lavin, Deputy Attorney General, Boise, for respondent.

LORELLO, Judge

Dylan Matthew Taylor appeals from his judgment of conviction for possession of a controlled substance. We affirm.

## I.

## FACTUAL AND PROCEDURAL BACKGROUND

Taylor was driving on a nonresidential street within city limits when an officer observed Taylor turn on his signal and "almost immediately" begin changing lanes. The officer stopped Taylor for an improper signal during a lane change in violation of I.C. § 49-808. During the traffic stop, the officer noticed Taylor was "extremely nervous and spoke with a subtle staccato cadence in his speech." At the officer's request, a drug-detection dog arrived at the scene, conducted an open-air sniff of Taylor's vehicle, and alerted to the presence of narcotics. The officer conducted

1

a search of the vehicle and recovered a "long green glass pipe with a noticeable buildup of a white crystal-like substance" and a "very small plastic baggy that contained a white crystal-like substance." The officer, based on his training and experience, identified the white crystal-like substance as methamphetamine. During a search incident to Taylor's arrest, the officer found a "larger bag" of methamphetamine and "broken shards of glass with white residue buildup" consistent with a methamphetamine pipe.

The State charged Taylor with felony possession of a controlled substance and misdemeanor possession of drug paraphernalia. Taylor filed a motion to suppress, arguing that the traffic stop which led to the discovery of the contraband was not supported by reasonable suspicion. The district court denied the motion after a hearing. Taylor entered a conditional guilty plea to felony possession of a controlled substance, I.C. § 37-2732, reserving his right to challenge the district court's denial of his motion to suppress. Taylor appeals.

## II.

## STANDARD OF REVIEW

The standard of review of a suppression motion is bifurcated. When a decision on a motion to suppress is challenged, we accept the trial court's findings of fact that are supported by substantial evidence, but we freely review the application of constitutional principles to the facts as found. *State v. Atkinson*, 128 Idaho 559, 561, 916 P.2d 1284, 1286 (Ct. App. 1996). At a suppression hearing, the power to assess the credibility of witnesses, resolve factual conflicts, weigh evidence, and draw factual inferences is vested in the trial court. *State v. Valdez-Molina*, 127 Idaho 102, 106, 897 P.2d 993, 997 (1995); *State v. Schevers*, 132 Idaho 786, 789, 979 P.2d 659, 662 (Ct. App. 1999).

## III.

## ANALYSIS

Taylor argues the district court erred in denying his motion to suppress because the case on which the district court based its decision--*State v. Wickham*, 170 Idaho 448, 511 P.3d 868 (Ct. App. 2022)--is manifestly wrong and should be overturned. Taylor alternatively argues that, even if *Wickham* is not manifestly wrong, the district court erred in concluding Taylor's traffic signal was a "near-simultaneous" signal that violated I.C. § 49-808 and thus erred in denying his motion to suppress. The State responds that *Wickham* is not manifestly wrong and that the district court

2

properly denied the motion to suppress. We hold that Taylor has failed to establish that *Wickham* is manifestly wrong and has failed to show the district court erred in denying his motion to suppress.

When there is controlling precedent on questions of Idaho law, the rule of stare decisis dictates that we follow it unless it is manifestly wrong; has proven over time to be unjust or unwise; or overruling it is necessary to vindicate plain, obvious principles of law and remedy continued injustice. *State v. Grant*, 154 Idaho 281, 287, 297 P.3d 244, 250 (2013).

Taylor argues that this Court's holding in *Wickam* was manifestly wrong because *Wickham* fails to give effect to I.C. § 49-808 as written and improperly adds words to I.C. § 49-808.[1] The State argues that *Wickham* was correctly decided and should not be overturned. In *Wickham*, this Court held:

> [W]hen read as a whole, I.C. § 49-808 requires drivers on both controlled and non-controlled-access highways to give an appropriate signal before changing lanes. Subsection (1) prohibits lane changes unless and until the movement can be made with reasonable safety. Reasonable safety requires an appropriate signal. An appropriate signal, as defined in the first sentence of I.C. § 49-808(2) is a signal that is sufficiently continuous to warn other traffic of the driver's intent to move the vehicle left or right. A near-simultaneous signal is not an appropriate signal, as it is insufficient to warn other traffic of a driver's intention to move right or left.

*Wickham*, 170 Idaho at 453, 511 P.3d at 873.

We decline to overrule our recent interpretation of I.C. § 49-808. That Taylor disagrees with *Wickham* does not show that *Wickham* is manifestly wrong; has been proven over time to be unjust or unwise; or that the holding in *Wickham* created continued injustice.

---

[1] Idaho Code Section 49-808 provides, in relevant part:

> (1) No person shall turn a vehicle onto a highway or move a vehicle right or left upon a highway or merge onto or exit from a highway unless and until the movement can be made with reasonable safety nor without giving an appropriate signal.
>
> (2) A signal of intention to turn or move right or left when required shall be given continuously to warn other traffic. On controlled-access highways and before turning from a parked position, the signal shall be given continuously for not less than five (5) seconds and, in all other instances, for not less than the last one hundred (100) feet traveled by the vehicle before turning.

Turning to Taylor's challenge to the district court's denial of his motion to suppress, Taylor has failed to show error. A traffic stop by an officer constitutes a seizure of the vehicle's occupants and implicates the Fourth Amendment's prohibition against unreasonable searches and seizures. *Delaware v. Prouse*, 440 U.S. 648, 653 (1979); *State v. Atkinson*, 128 Idaho 559, 561, 916 P.2d 1284, 1286 (Ct. App. 1996). Under the Fourth Amendment, an officer may stop a vehicle to investigate possible criminal behavior if there is a reasonable and articulable suspicion that the vehicle is being driven contrary to traffic laws. *United States v. Cortez*, 449 U.S. 411, 417 (1981); *State v. Flowers*, 131 Idaho 205, 208, 953 P.2d 645, 648 (Ct. App. 1998). The reasonableness of the suspicion must be evaluated upon the totality of the circumstances at the time of the stop. *State v. Ferreira*, 133 Idaho 474, 483, 988 P.2d 700, 709 (Ct. App. 1999). The reasonable suspicion standard requires less than probable cause but more than mere speculation or instinct on the part of the officer. *Id*. An officer may draw reasonable inferences from the facts in his or her possession, and those inferences may be drawn from the officer's experience and law enforcement training. *State v. Montague*, 114 Idaho 319, 321, 756 P.2d 1083, 1085 (Ct. App. 1988).

Factual findings that are supported by substantial and competent evidence are not clearly erroneous and will not be overturned on appeal. *State v. Bishop*, 146 Idaho 804, 810, 203 P.3d 1203, 1209 (2009); *See State v. Ish*, 166 Idaho 492, 501, 461 P.3d 774, 783 (2020). *State v. Henage*, 143 Idaho 665, 659, 152 P.3d 16, 20 (2007). Substantial and competent evidence is relevant evidence that a reasonable mind might accept to support a conclusion. *State v. Hess*, 166 Idaho 707, 710, 462 P.3d 1171, 1174 (2020).

On appeal, Taylor argues that the district court erred in concluding that his lane change involved a "near simultaneous signal" that violated I.C. § 49-808 and thus there was no reasonable suspicion for the traffic stop. According to Taylor, he signaled an estimated fifty feet before beginning the lane change. The officer, however, testified that Taylor's lane change and the signal were nearly simultaneous.[2] During the motion to suppress hearing, the district court noted that the arresting officer's version of events appeared in his police report, his preliminary hearing testimony, and in his testimony at the suppression hearing. The district court credited the officer's

___

[2]    The officer previously testified that the lane change was "almost-immediate" instead of "near simultaneous to the signal." The district court treated both terms as synonymous for the purpose of its findings on the officer's credibility.

4

testimony and found that Taylor's lane change was nearly simultaneous with the initiation of the turn signal. Thus, the officer had reasonable articulable suspicion of a lane change violation. The district court's factual finding that Taylor violated I.C. § 49-808 is supported by substantial and competent evidence. Taylor has failed to show the district court erred in denying his motion to suppress.

## IV.
## CONCLUSION

Taylor has failed to show that the holding in *Wickham* is manifestly wrong; has proven over time to be unjust or unwise; or has created continued injustice. Taylor has also failed to show that the district court erred in denying his motion to suppress. Therefore, Taylor's judgment of conviction for possession of a controlled substance is affirmed.

Chief Judge GRATTON and Judge HUSKEY, **CONCUR**.